## ROSE A. SPENCER

*vs.*

## MICHAEL SHEEHAN.

The provisions of *Gen. Stat.*, *ch.* 57, *s.* 46, that "no action for the recovery of any estate sold by an executor or administrator under this chapter shall be maintained by any heir or other person claiming under the deceased, unless it is commenced within five years next after such sale," does not necessarily require those claiming under such sale to establish a valid sale in order to avail themselves of the limitation of the statute.

The provision of *s.* 2 *of said chapter*, that the petition of an executor or administrator for leave to sell real estate shall set forth the "condition" of the respective portions thereof, does not require that it should appear affirmatively therefrom, that there are no mortgages or other encumbrances thereon, or that they are not cultivated, built upon or otherwise improved, or that there are no water privileges or other natural advantages thereon. Under the provisions in *secs.* 3 *and* 4, that on the presentation of such petition the judge of probate shall "make an order directing all persons interested in the estate to appear before him  *  *  *  to

Spencer v. Sheehan.

show cause why a license should not be granted," and that a copy of such order should be personally served on all persons interested in the estate, or shall be published at least four successive weeks in such newspaper as the court shall direct, an order directing that "the heirs-at-law of said deceased, and all other persons interested in the estate," appear, etc., and that the executor "give notice to all persons interested in the said estate of the pendency of said petition, and the hearing thereof, by causing a copy of this order to be published," etc., is good against a devisee of the deceased, though not directed to such devisee by name or personally served.

Real estate devised to a married woman before the repeal of *Pub. Stat.*, *ch.* 106, is her separate property within the provision of *Gen. Stat.*, *ch.* 66, *s.* 29, "that when the action concerns her separate property she may sue alone."

This is an action of ejectment, brought in the district court for Blue Earth county, to recover possession of the north half of the northwest quarter of section 32, in township 109, north of range 20, west, situate in said county. The plaintiff (in her complaint) claims title to the premises, substantially as follows : One John Spencer executed his will, in which after devising certain specific real estate, he devised the one undivided half of the residue to the plaintiff, and the other undivided half to Nancy Spencer. The premises above described are a portion of the residue not specifically devised. After the probate and record of the will, and before the commencement of this action, Nancy Spencer conveyed to the plaintiff all her right, title and interest in the property devised to her as residuary devisee, thus vesting in the plaintiff the whole of the above described premises.

The defendant in his answer denies that the plaintiff is the owner of the premises, and admits that he is in possession of and claims to own the same in fee, under a sale made by John B. Spencer, as executor of the will of John Spencer, deceased, pursuant to the order of the probate court, and sets up the various proceedings resulting in a sale of the premises above

described. Defendant derives his title, by sundry convey-
ances, from the purchaser at the sale. He also sets up "that
more than five years have elapsed since the sale of said land by
the said executor, * * * and the commencement of this
suit, the said plaintiff not being under any legal disability to
sue."

The plaintiff in her reply alleges certain objections to the
proceedings set up in the answer, claiming that they were ir-
regular, and that the sale made thereunder was void. She also
states that at the time of the death of said John Spencer she
was, and still is, a married woman, and, therefore, under the
disability to sue by reason of such coverture.

The cause was tried by a referee, who reported in favor of
the defendant, and judgment was thereupon entered, and
plaintiff appeals therefrom to this court. The objections to the
proceedings under which the sale was made, sufficiently appear
in the opinion.

L. M. & D. A. BROWN, for Appellant.

BROWN & WISWELL, and GILFILLAN & WILLIAMS, for Re-
spondent.

*By the Court.*—RIPLEY, CH. J.—*Pub. Stat.*, ch. 39, s. 50, (*Gen.
Stut.*, ch. 57, s. 46,) provides that no action for the recovery of
any estate sold by an executor under this chapter shall be
maintained by any person claiming under the deceased, unless
it is commenced within five years next after the sale.

The plaintiff contends, that if the probate court had no au-
thority to grant a license for the sale of the property sought
to be recovered in this action, the statute does not apply, since
in such case " no sale has been made under this chapter," but
on the contrary " the sale made *in fact*, was, in law, made in

Spencer v. Sheehan.

direct violation thereof." The same reasoning would be just as applicable to a sale made without previous notice of the time and place of sale as required by the statute, [*Montour v. Purdy*, 11 *Minn.* 384,] and the point was made under a similar statute (*Mass. Rev. Stat.*, ch. 71, s. 37,)in *Holmes v. Beal*, 9. *Cushing*, 223. It was contended that the limitation of five years applied only to estates "sold" by an administrator, and, therefore, necessarily required the tenant to establish a valid sale before he could avail himself of the statute. But the court said, that this construction would render the provision wholly nugatory. "In other cases, and in all cases, no more could be required than to establish a valid sale and conveyance by the executor, by those who would defeat the estate of an heir or devisee of the same. If an action were instituted within the five years the sale must be duly established, and upon the demandant's view of the statute, if the party instituted his action after five years, no less a burden rests upon those claiming under an executor's sale."

But supposing, for the sake of the argument, that there is any distinction between a sale void for want of notice, and a sale void for want of compliance with the provisions of statute under which such sale may be ordered, rendering the case above cited inapplicable, we are still clearly of opinion, that there has been a sufficient compliance with those provisions in the present case.

As to this, the plaintiff makes three points : 1st. That the petition does not state the debts that were then outstanding against the deceased, as near as they could be ascertained, or in any manner or form whatever. This objection is disposed of by the decision upon this allegation of this petition in *State ex rel v. The Probate Court of Ramsey County, et al.* (*Ante p.* 117.) 2d. That the requirement of the statute that the *condition* of the real estate should be stated, is not complied with. This is

explained to mean, first, that the condition of the lands with regard to encumbrances shall be stated. We are unable to see why the petition is not sufficient in this respect; one parcel is stated to have been sold under mortgage foreclosure, and bid in for $2,000. There is certainly no *presumption* that land is encumbered by "tax, mortgage, mechanics or other liens," and therefore it sufficiently appears by the petition what encumbrances there are without negativing the existence of any others.

So as to plaintiff's second requirement in respect of the condition of the land, viz.: that it shall appear whether there are improvements, or water powers, or other advantages, natural or artificial, affecting the value of the lands. The petition states that there are buildings, and their value, upon some of the town lots, and there is no presumption that the other lots and land described by government subdivisions are not in a state of nature, or that there are any water powers, or other natural or artificial advantages thereon affecting their value. Their condition (as plaintiff construes this expression,) is certainly stated with sufficient particularity to give juris-diction. If the court thought greater precision desirable, as, for instance, that it should appear *affirmatively* that there were *no* "mechanics' liens" against the houses, or that the land was *not* improved, it could require an amended petition. *State ex rel. vs. the Probate Court of Ramsey County, et al., supra.*

3d. The plaintiff contends, that as to the devisee the probate court did not acquire any jurisdiction to order the sale of this land, because she had no sufficient notice of the pendency of the petition, and therefore the court acquired no jurisdiction over the party, which is as essential to the validity of such a proceeding as this, as jurisdiction was the subject-matter. On a proceeding to sell the real estate of an indebted intestate, the jurisdiction of probate courts is irrespective of the parties

Spencer v. Sheehan.

in interest, unless the statute applicable to the case otherwise provide.  *Grignon vs. Astor's Lessees*, 2 *Howard*, 319.

Supposing that upon principle (for the plaintiff produces no authority) a different rule should obtain in respect to the real estate of an indebted testator, the plaintiff nevertheless admits that under our statute the position in *Montour v. Purdy*, that " when the ward, or a party claiming under the ward, attacks a guardian's sale otherwise than by appeal, he cannot be permitted to go behind the granting of the license any further, or for any other purpose, than to inquire whether it was granted by the probate court of the county in which the guardian received his appointment." If such position is law, it precludes her from raising the question, as to the sufficiency of the notice, the statute so far as this action is concerned " making it immaterial whether any of the steps pointed out as preliminary to the obtaining of the license in the regular manner, has been complied with or not." *Montour v Purdy*, *supra*.

We are, therefore, invited to reconsider that position. Our omission to examine the plaintiff's objections to that decision is not to be construed as resulting from any doubt as to the correctness of the position in question and there taken. In order to lay a foundation for such an invitation, even, it is incumbent on the plaintiff to show that she did *not* have due notice and this she has not done.

The statute (*Pub. St., ch.* 39, §§ 3 *and* 4,) provides that the judge should " make an order directing all persons interested in the estate to appear before him    *    *    *    to show cause why a license should not be granted ;    *    *    *    a copy of such order to show cause shall be personally served on all persons interested in the estate,    *    *    *    or shall be published at least four successive weeks in such newspaper as the court shall order."

In this case the order directed " that the heirs at-law of said deceased, and all other persons interested in the estate appear," etc.; and further directed that the executor " give notice to all persons interested in the said estate of the pendency of the said petition, and the hearing thereof, by causing a copy of the order to be published in the Pioneer and Democrat  *  * for four successive weeks previous to said day of hearing."

The plaintiff contends, first, that the order is void upon its face, for want of any direction to her by name; second, that the proceeding should be held void because the order was not personally served.

The last position is based upon the theory that the legislature only intended to allow service by publication, under the same or similar circumstances as such service is made in proceedings in other courts, *i. e.*, when the defendants cannot be found in the state, or within the territorial jurisdiction of the court.

The fact that the provision is general, applying to the estates of intestates, as well as to those of persons dying testate, and that, as to the former, at least, the proceeding is *in rem ;* there are no defendants; no adversary parties; is destructive of the plaintiff's theory.

As to the first of the plaintiff's objections aforesaid, it is not contended but that the order would have been good if the court had directed it to be personally served. And the plaintiff admits that service by publication of this order would be good against the heir-at-law.

But the law leaves the mode of service discretionary with the probate court, and as the wording of the order follows the statute, there seems to be no reason for holding it insufficient.

It may be presumed, says the plaintiff, that an heir-at-law knows that his ancestor has departed this life and has left an es-

tate in which he has an interest. But no such presumption can exist against a devisee. What means has a devisee, not an heir, of knowing who has made him or her the object of his bounty? But the court knows there is a will, and the names of the devisees, why then should it not issue its process to them by name?

The argument, then, is that if there is ground for the court to presume a knowledge of their interest in the land, such persons need not be named; otherwise they should be, lest the publication should fail of giving the notice intended. This may or may not be a reason why the legislature should alter the law; it is no reason why a notice given in pursuance of the law is void.

We are unable to see, however, why the knowledge referred to may not as well be presumed in the case of a devisee, as of an heir. The heir-at-law may be unknown, may have been so to the deceased himself, who at least must have known the devisee. The plaintiff, moreover, overlooks the fact that before the executor can apply to sell the land, the will must have been duly proved and allowed, upon notice to all persons interested, personally or by publication, as the court shall direct; (*Pub. St. ch.* 40, *s.* 18; *Gen. St., ch.* 47, *s.* 14;) and the law also directs that an attested copy of every will devising lands, and of its probate, shall be recorded in the " registry of deeds " of the county in which the lands lie. *Pub. St., ch.* 40, *s.* 39; *Gen. St., ch.* 47, *s.* 35. One would think that if knowledge by the heir is to be presumed, *a fortiori* it should be on the part of the devisee.

We think there is no doubt but that the five years' statute of limitation applies, notwithstanding these objections of the plaintiff. But even thus the plaintiff insists that it has not begun to run against her, being a married woman. This action was commenced in January, 1872.

The *Gen. St.*, *ch.* 66, *s.* 29, provides, that when a married woman is a party her husband shall be joined with her, except that when the action concerns her separate property she may sue alone; and in no case need she prosecute or defend by a guardian or next friend. If, therefore, this action concerns her separate property, she has been under no disability to sue, whatever, since July 31, 1866, more than five years before this action was commenced.

At the time of this devise, the law was that any real or personal estate, and the rents, profits and income of such real estate, to which any female may at any time after her marriage be entitled by inheritance, gift, grant or devise, shall be and continue the real and personal estate of such female after marriage, to the same extent as before marriage, and none of such property shall be liable for her husband's debts, liabilities or engagements. *Pub. St.*, *ch.* 61, *s.* 106.

By *s.* 168 it was provided that, if any married woman shall die without disposing of any such real estate, the husband surviving her shall have a life estate by the curtesy. The plaintiff contends that because of such contingent interest in her husband, this was not the "separate" estate of the plaintiff, within the meaning of the statute, and that she is therefore under a legal disability to sue. Her practice in bringing this suit alone, is inconsistent with her theory, which is clearly untenable. It might as well be said that her husband could not sue to recover his real estate without joining her, because of her inchoate right to dower.

This is her "separate" real estate, and none the less so that she could not under the law aforesaid have sold it without the assent of her husband, or the order of the district court. *Williams v. McGrade*, 13 *Minn.* 46. That by "separate" estate the legislature had reference to property so held, clearly appears from the *ch.* 69 *of the Gen. Stat.* entitled "Married

Women," *sec.* 7 thereof providing that nothing in that chapter contained " shall be construed so as to subject the property now held by any married woman to the debts of her husband; but the same shall continue to be held *as heretofore, as her sole and separate property,* exempt from any liability for the debts of her husband.

Judgment appealed from affirmed.