# Cornish *et al. v.* Suydam.

*Action on a Building Contract.*

1. *Contract modified by subsequent contract; waiver.*—When, after the execution of a contract, by which a builder is to complete a house "ready for occupancy," within 60 days from the date of said contract, according to plans which do not require the finishing of the second story and the putting on of the last coat of paint, the owner, after the expiration of the 60 days, makes another contract with said builder to do the additional work for extra compensation, he will be held to have waived the original stipulation to complete the work within the specified time, and to have substituted a stipulation for the completion of the work within a reasonable time.

APPEAL from Birmingham City Court.

Tried before the Hon. H. A. SHARPE.

This action was brought by the appellee against the appellants, to recover the amount alleged to be due upon a contract for the building of a house by the plaintiff for the defendants; and sought to fasten a mechanic's lien on the house for the amount alleged to be due under said contract. The defendants pleaded the general issue, and by special pleas sought to set-off against the demand of the plaintiff damages alleged to have been sustained by the defendants by reason of plaintiff's failure to complete the house within the time specified in the contract. To the special pleas of set-off the plaintiff filed his replication, and set up that the defendants waived their right to have the house completed within the time required by the contract originally made, by reason of having entered into another contract with the plaintiff for the finishing of the house.

The evidence as to the making of the two contracts is sufficiently stated in the opinion. The testimony, as shown by the bill of exceptions, showed that the house was not completed within 60 days from the making of the first contract; but was completed some time after the second contract was entered into. The cause was tried by the court without the intervention of a jury, and upon hearing all the

[Cornish et al. v. Suydam.]

evidence, the court rendered judgment for the plaintiff. Defendants appeal, and assign as error the rendition of this judgment.

WADE & VAUGHAN, for appellants.

W. R. HOUGHTON, contra, cited *Robinson v. Bullock*, 6.5 Ala. 548; *Young v. Fuller*, 29 Ala. 464; *Badders & Britt v. Davis*, 88 Ala. 367; *Montanden & Co. v. Deas*, 14 Ala. 33.

McCLELLAN, J.—The contract of September 25, 1890, stipulated for the completion of the house "ready for occupancy" within sixty days from that date, that is by the 24th day of November, 1890, according to the architect's plans and specifications. It seems that these plans and specifications did not provide for, contemplate or require the finishing of the second story of the building in respect of the plastering, casing and hanging of the doors and windows, wainscotting, &c., &c., nor that the last coat of paint of lead and oil on the whole exterior of the building should be put on by the contractor, Suydam. On November 25th, 1890, the day after the time limited in the first contract for the completion thereunder of the house, the parties entered into another contract, by the terms of which the contractor, for an additional consideration, undertook to do this plastering, casing and hanging doors and windows, wainscotting, &c., &c., in the second story; and "to paint last coat on house with lead and oil for ten ($10) dollars extra on contract." The contract here referred to is manifestly that of September, 1890. Nothing was said at the time of this second contract to the effect that it was a waiver of the time stipulated in the first for the completion of the house. But the trial court properly held that the second contract was itself such waiver, and that instead of the original stipulation in this regard, the effect of the last contract was to substitute a stipulation for completion within a reasonable time. It is obvious that the contract of September 25th did not provide for or contemplate the full completion of the house at all, but only to the extent covered by the specifications, which made no provision for finishing the second story or putting on the final coat of paint over the entire building. The second contract was intended to take the place of the first, in our opinion, with reference to what should be considered the completion of the building in the understanding of the parties; and being entered into after the lapse of the original sixty days limitation, and providing for additional

[Cartwright v. Bamberger, Bloom & Co.]

work and materials thereafter to be done and supplied, thus necessitating further time for completion, the effect of it could only be to waive the original stipulation, and to leave in the place of it an obligation on the contractor to complete the house within the specifications referred to in the first contract, as added to by the second, in a reasonable time after November 25th, 1890; and this conclusion is aided by reference to the last clause of the second contract which provides for an extra payment under the first contract, and whereby in effect the defendant, after he knew there would be a forfeiture by the terms of that contract, which if he insisted upon it would reduce the original contract price, agreed to pay the price so stipulated and ten dollars extra thereon. Of course the parties had a right to alter and modify the original contract and to make the second one by mutual consent and without any new consideration, and by such alteration or new agreement either expressly or impliedly to waive any right either would otherwise have had. Robinson v. Bullock, 66 Ala. 548; Young v. Fuller, 29 Ala. 464; Badders & Britt v. Davis, 88 Ala. 367.

We see no reason to disturb the conclusions of the trial judge on questions of fact which arose on the trial.

The judgment is affirmed.