HONORE MICHAUD and Another v. JAMES W. MacGREGOR.[1]

May 27, 1895.

Nos. 9421—(157).

### Modification of Building Contract—Power of Agent.

The parties hereto entered into a building contract, which was executed for appellant by his agent, acting under a power of attorney, for the erection of a building by respondents for appellant on his lots in the city of Duluth. The power authorized the agent, on behalf of his principal, to act for him in all matters wherein he would be required to act, in relation to signing contracts, accepting bonds, and all other matters relating to the erection, construction, and leasing of the building to be erected upon his lots in accordance with plans and specifications for the same drawn by his architects. In the work of construction the respondents met with unexpected obstacles, unknown to either party when the contract was made, in the form of rocks sunk below the surface of the lots, which had been placed on the lots by the city. Thereupon the respondents refused to proceed with their contract, unless paid for the extra work of removing the rocks, and such agent orally agreed to pay them for such removal, if they would keep a strict account of such extra work, and aid in securing evidence of appellant's damages caused by the act of the city, to be used in a suit by appellant against it, to which the respondents assented, and fully performed on their part. *Held*, construing the power of attorney, and considering the oral evidence, that the agent was authorized to make such oral contract for his principal, and that it was supported by a valid consideration.

### Same.

The building contract contained the following provision: "The contractors shall make no claim for additional work, unless the same shall be done in pursuance of an order from the architects, and notice of all claims shall be made to the architects, in writing, within ten days of the beginning of such work." *Held*, that this provision is not an effectual limitation upon the legal competency of the parties to the contract, or their authorized agents, to modify or waive any of the terms of the contract, except in the particular manner stipulated. Following Lamberton v. Connecticut Ins. Co., 39 Minn. 129.

### Evidence.

Evidence considered, and *held* to support the verdict.

[1] Reported in 63 N. W. 479.

Appeal by defendant from an order of the district court for St. Louis county, Ensign, J., denying a motion for a new trial. Affirmed.

*Handlan & MacGregor* and *Fryberger & Johanson,* for appellant. *Allen & Baldwin,* for respondents.

START, C. J. The respondents in March, 1893, entered into a contract with the appellant, which was executed on his behalf by his son and agent, Lane MacGregor, whereby they agreed to build for him a store building, according to certain plans and specifications, upon his lots in the city of Duluth, for the sum of $32,323.90. They commenced the work of erection April 1, and completed the building September 5, 1893, and the contract price was paid in full; but the respondents claimed payment for extra work, which being refused, they brought this action. They claimed to recover the sum of $983 for the removal of certain rocks from the lots upon which the building was to be erected. Such claim is made under an alleged contract with the agent made after the original building contract was entered into. The appellant denied the making of this contract, and set up in his answer several counterclaims, only one of which is here material, it being a claim for $620 damages by reason of the failure of the respondents to complete the building within the time agreed. The verdict was for the respondents, in the sum of $547.45, which included the respondents' claim for extra work, less one-half of the appellant's counterclaim, and he appeals from an order denying his motion for a new trial. The assignments of error, summarized, are (1) that no competent evidence was offered to prove respondents' cause of action; (2) that the whole of the counterclaim was proved by undisputed evidence, and should have been allowed.

1. The original building contract was executed on behalf of the appellant by Lane MacGregor, by virtue of a power of attorney, which, among other matters, contained the following provision: "I, James W. MacGregor, * * * appoint Lane MacGregor * * * my true and lawful attorney, for me, and in my place and stead, to act for me in all matters wherein I would be required to act in relation to signing contracts, accepting bond, and all other matters

relating to the erection, construction, leasing, renting, and hiring of a certain block to be erected for me upon lots 302 and 304, block 35, Duluth proper, according to certain plans and specifications drawn by Wangenstein and Bailley, architects." The contract for the extra work was oral, and was made on behalf of the appellant by such agent; but the appellant claims that the agent was not authorized to make this oral contract for him, and that, eliminating the proof of this contract, there is no evidence in the case to support the respondents' claim. The verdict establishes the fact that the oral contract was made, and the finding is fully supported by the evidence. This leaves for consideration the question of the authority of the agent to make the contract.

The appellant claims that the power of attorney gave to the agent authority simply to sign contracts, not to make any oral contracts touching the business he was authorized to perform for his principal. This is too narrow a construction to give to the terms of the power, for it not only confers upon the agent the power to sign contracts relating to the erection and leasing of the building, but it further authorizes the agent to act for his principal in all other matters relating to the construction of the building, and make all contracts necessary to cause the building to be erected in accordance with the plans and specifications. If, in the work of construction, exigencies arose necessitating the making of further contracts in order to secure the completion of the building, it seems clear that the agent, under this power, would be authorized to make such contracts for his principal. The agent's authority is not limited to the mechanical act of signing such contracts in reference to the erection of the building, for no contracts had been agreed on when the power was given; and the only reasonable interpretation of the power is that the agent was authorized, not simply to sign, but to make, such contracts as might be necessary to begin, carry on, and complete the work intrusted to him by the appellant. The authority of the agent, however, does not rest alone upon the naked terms of the power; for, as we shall see as we proceed, the nature of the oral contract, the emergency which gave rise to it, the subsequent conduct of the parties in relation to it, and the benefits received by the appellant from the performance

of the contract by the respondents, all strongly reinforce the authority conferred by the power, and leave no serious question as to the agent's authority to make the contract for his principal.

2. The appellant further claims that there was no consideration to support the contract, for the reason that the respondents were required, by the terms of their original contract, to do the very work for which they claim pay under the subsequent contract; that their promise to do, and the doing by them of, that which they were under a previous valid obligation to do, furnish no consideration for his promise to pay for such performance. There are many cases holding that if one party to a contract refuse to perform it, unless promised some further pay or benefit than the contract provides, and such promise is made by the opposite party, it is binding. The decisions in these cases rest upon the proposition that the refusal to perform the previous contract subjects the party to such damages as the other party can show he is entitled to recover, but if he sees fit to waive this right, and makes the new promise, and the party refusing performs in reliance upon it, the first contract is waived, and the new one is binding on the parties. Bryant v. Lord, 19 Minn. 342 (396); Munroe v. Perkins, 9 Pick. 298. This rule is subject to the criticism that it is a direct invitation to a party desiring to escape from the obligation of an unsatisfactory contract, or to secure an inequitable increase of the stipulated compensation, to take advantage of the necessities of the opposite party and force him to accede to his demands. But we are of the opinion that the consideration for this oral contract was materially different from that claimed by the appellant, and that it is not necessary to determine what the effect on the validity of the contract would have been, if it had been simply an agreement to pay the respondents extra compensation if they would perform their original contract.

The evidence tends to show that, while the respondents were excavating trenches for the purpose of driving piles upon which the foundation of the building was to be placed, they discovered that a large quantity of rocks had been previously placed upon the lots by the city of Duluth, and that they had become imbedded in the yielding soil of the lots, below its surface, so that it was impossible to drive the piles without removing the rocks, and that neither party

had any knowledge of the existence of any· rocks below the surface of the lots until the work of opening the trenches had been commenced; that thereupon a controversy arose between the parties, the appellant's agent claiming that the removal of the rocks was included in the contract. This the respondents denied, and refused to proceed further under their contract, unless the agent would agree to pay the costs of such removal. The evidence further tends to show that the parties compromised the matter by entering into an oral agreement whereby the respondents agreed to proceed with the work, and remove the rocks, and keep a strict account of the cost thereof, for the purpose of furnishing evidence of appellant's damages in a suit against the city for placing the rocks on his lots, and assist in furnishing evidence of the amount of such damages; and the appellant's agent promised, in consideration of such undertaking on the part of the respondents, to pay to them the reasonable cost of such removal. The respondents performed their part of the contract, removed the rocks, kept an acccount of the cost thereof, and furnished it to appellant's agent; and the appellant, in an action against the city, recovered as damages an amount equal to the cost of such removal. These facts disclose a valid consideration to support the contract. A bona fide controversy was settled. The respondents' promise and performance as to keeping an account of the cost of removal of the rocks, and furnishing the appellant with evidence of his damages, were a disadvantage to them, and a benefit to him.

3. The original contract contained the following provision: "The contractors shall make no claim for additional work, unless the same shall be done in pursuance of an order from the architects; and notice of all claims shall be made to the architects in writing, within ten days of the beginning of such work." This was not complied with in making the contract for the work of the removal of the rocks, and the appellant claims that his agent had no power to waive this provision by a subsequent contract. Why not? It must be conceded that he had authority to, and did, make the original contract, including this provision, by virtue of the power of attorney. If it is a limitation upon his authority, he himself, not his principal, imposed it. It is entirely competent for the parties

to a contract, or their authorized agents, to make a subsequent contract, upon a new consideration, waiving provisions of this character, or, for that matter, to wholly abrogate the contract.

The appellant relies, in support of his contention that this provision of the contract could not be waived by an' agent, upon the case of Shaw v. First Baptist Church, 44 Minn. 23, 46 N. W. 146. The case, however, does not go to the extent claimed. What it does hold is that, conceding the alleged contract for the extra work in controversy in that case had been made, still the estimates and certificates of the superintendent and building committee as to the amount and value of the work had not been waived by the contract, and were, in the absence of a wrongful or arbitrary refusal to give them, a condition precedent to a right to recover for the extra work.

But in the case at bar a new contract was made, not only for the extra work, but expressly providing how the cost of it should be ascertained and paid. This amounted to an express waiver or modication of the provision in the original contract here in question. It was entirely competent for the parties or their agents to so waive or modify the provision, for it is not an effectual limitation upon the legal competency of the parties or their agents to waive or modify any of the terms of the building contract, except in the particular manner stipulated. Lamberton v. Connecticut Ins. Co., 39 Minn. 129, 39 N. W. 76. The legal effect of provisions of this kind in building contracts is to prevent the contractor from recovering payment, upon an implied promise, for extras, in excess of the contract price, by simply showing that they were not included in the original contract, but were necessary for the completion of the buil'd'. and that he furnished them. He must go further in his proof show that the provision has been directly or indirectly waived by a subsequent valid contract, or by such conduct on the part of the owner of the building as equitably estops him from insisting on the provision, for it is binding on the parties, unless such facts are alleged and proved as relieve them from its obligation. Johnson v. Howard, 20 Minn. 322 (370).

4. Appellant's counterclaim is based upon a stipulation that the building should be completed by July 1, and for a forfeiture, as liquidated damages, of $10 for each day's delay in so completing it. It was not completed until September 5, and the appellant was en-

titled to his whole counterclaim of $620, unless he waived the first month's delay, as the respondents claim he did. The contract provided that, if the work was delayed through no fault of the contractors, additional time should be allowed, upon written application therefor, but such additional time should be certified to by the architect, and no damages were to be exacted on account of the delay covered by such additional time. The contract also provided that only the final certificate of the architect should be conclusive evidence of the performance of the contract. The architect never certified to any extension of the time for completing the building. The evidence, however, tends to show that the respondents, when they reported the account as to the cost of the removal of the rocks to the appellant's agent, requested, in writing, four weeks' more time in which to complete the building, on account of the delay incident to such removal, and that he assented to such request, and included in his claim of damages against the city the sum of $300 "for one month's delay in building," but it was not allowed.

There was also evidence tending to show that, when one of the respondents asked appellant for payment of the balance on the contract, he directed him to go to his son and agent, "as the whole matter of the building was in his hands," and that about the time the architect's final certificate was made the respondents had a talk with the agent, in which he made claim for damages for such delay, which the respondents refuse to allow, and the agent waived the claim for damages, and the architect made his final certificate of the completion of the building, and the balance due to the respondents, and made no deductions on account of such claim, and such balance was paid by the appellant or his agent. This evidence was conflicting in important particulars, but we are of the opinion that it was sufficient to justify the jury in rejecting so much of the appellant's counterclaim as related to damages for the first month's delay. Upon the whole record, we are satisfied that the trial of this case was a fair one, and that the verdict is sustained by the evidence, and is a just one.

Order affirmed.