LEONARD YOUNGBERG v. G. P. LAMBERTON.[1]

December 11, 1903.

Nos. 13,631—(76).

**Written Contract—Alteration by Parol.**

It is competent for the parties to a written agreement to change or modify the same, and thus by new conditions, not in writing, waive, add to, or qualify its terms; and where reciprocal rights are granted or concessions are made by both parties under the parol modifications, and have been acquiesced in by each, the new arrangement will be sustained.

**Evidence.**

Evidence considered, and *held* to support the claim that a written agreement was changed by parol modifications, and to uphold the claim that reciprocal rights and concessions were acquiesced in and acted upon by the parties.

**Contract of Employment.**

Where, under the terms of a written contract, one party was required to render services to the other for a year at a fixed salary, and to receive as a bonus a percentage on the business of his employer at a specified time, *held*, that a parol modification wherein it was provided that either might terminate the contract at will when a settlement should be made, entitled a discharged employee to a settlement, and that his right of action then accrued for the profits or bonus earned.

**Discharge of Servant.**

Where an employee has been discharged from his master's service either in accord with or in violation of the terms of the contract of employment, and has accepted such discharge, or acquiesced therein, as under the facts in this case, he is not required to return to the employer's service at the request or importunity of the latter.

Action in the district court for Ramsey county to recover from defendant $7,700 for services rendered by plaintiff under a contract of employment. The case was tried before Kelly, J., and a jury, which rendered a verdict in favor of plaintiff for $648.17. From an order denying a motion for judgment notwithstanding the verdict or for a new trial, defendant appealed. Affirmed.

[1] Reported in 97 N. W. 571.

*Durment & Moore,* for appellant.

. *F. W. Murphy, Guy L. Caldwell,* and *Thomas Kneeland,* for respondent.

LOVELY, J.[2]

This action is to recover for several weeks of service by plaintiff in the performance of his duties in defendant's land agency at Herman under the terms of a written contract as modified by subsequent agreement according to plaintiff's claim. Under the terms of the agreement as originally made, the employment was to continue for the period of one year. There were further provisions therein that plaintiff should forward all moneys received to St. Paul, where defendant had an office; that all bills should be paid by defendant himself; that plaintiff should not sign the sales contracts, which were to be executed without change upon blanks furnished by the employer. Plaintiff was to receive $50 per month as salary and commissions upon the net profits of the business. On January 1 of each year, there should be an accounting between the parties, and in case of plaintiff's default to comply with the terms of the contract, he might be discharged at the option of the defendant, when an accounting should be had and "settlement made." For the plaintiff it was. claimed that the written contract was changed through oral modifications of the parties, whereby the plaintiff was authorized to sign sales contracts with third persons, or make changes therein; that the moneys received by plaintiff in the business should be deposited in the Grant County Bank at Herman, instead of being sent to St. Paul; that necessary bills were to be paid by plaintiff from defendant's funds in his hands; and, further, that either party might terminate the period of plaintiff's employment at will when a settlement should be made.

After these suggested alterations, the evidence tends to show that plaintiff continued in his attention to the employer's business about three weeks, when differences arose, and he was discharged by defendant, that he then demanded a settlement and payment of what was due him in arrears of salary and for his share of the profits on the commissions received up to that time; that this was promised

[2] START, C. J., absent, sick, took no part.

by defendant. Upon the failure to comply with such promise, this suit was brought before the date fixed in the written contract for settlements to be made.

For the defendant it was claimed at the trial under proper issues that the written contract remained in force, and had not been altered in any respect; that plaintiff was not discharged, but left defendant's employ of his own volition. There was a contest over the amount due for salary also; that plaintiff was entitled to nothing for commissions and profits during the period he was in defendant's service.

Under the pleadings, plaintiff claimed damages for loss of profits because he was wrongfully discharged, but this claim was withdrawn at the trial, and the sole issues submitted to the jury by the court were whether the alleged changes in the original contract had been adopted, or, if such contract had not been changed, whether plaintiff had been discharged by his employer, it being held by the court that in either event plaintiff was entitled to receive the amount due for profits on commissions at the time he quit. The jury returned a verdict in favor of plaintiff for a substantial sum. There was a motion for judgment, or a new trial in the alternative, which was denied. From this order defendant appeals.

Considerable time was occupied at the trial to establish the amour of business transacted at the agency during plaintiff's service, and the net profits upon which commissions should be estimated, but it is unnecessary to review this evidence, or any ruling occurring during its reception, since it is not made to appear that defendant was legally prejudiced thereby. Neither can it be doubted that it was competent for the parties to the written agreement to change or modify the same, and by new conditions, not in writing, waive, dissolve, or annul the original contract, or to add to or qualify its terms, so as to be valid and binding upon the parties. Goss v. Nugent, 5 B. & A. 58; Delaney v. Linder, 22 Neb. 274, 34 N. W. 630; Lynch v. Henry, 75 Wis. 631, 44 N. W. 837; McCreery v. Day, 119 N. Y. 1, 23 N. E. 198.

The modification of the contract under plaintiff's claim rests principally upon his own evidence. He states that about four days after the execution of the written agreement he had a conversation with

defendant, and, quoting from his testimony relative to that matter, he says:

> Defendant "told me that any time I wanted to quit why he would settle up with me, if I became dissatisfied; and if he became dissatisfied with me he wanted the same privilege; to pay me what was owing on the contract, and we would quit doing business together."

This is squarely contradicted by defendant, and it is now insisted that it does not go far enough to establish that the suggested change had been made; that it was merely a proposition by the defendant, without the expressed acceptance of plaintiff, which would be necessary to constitute a consideration therefor. Bryant v. Lord, 19 Minn. 342 (396); Michaud v. MacGregor, 61 Minn. 198, 63 N. W. 479. Conceding this to be so, there was evidence tending to show that during the three weeks following plaintiff continued in defendant's employ, instead of sending moneys received for defendant to St. Paul, he deposited the same in the Grant County Bank, and paid bills for livery from the same source; and that in one or two instances he made alterations in sales contracts, which he was only authorized to do by virtue of the alleged new arrangement. Defendant testified, in effect, that he knew nothing of these matters, but a careful review of the evidence leads to the conclusion, from the fact that reports of the business were made to him, and the knowledge of the way in which it was supervised by his wife and an assistant, who were at Herman, he might well have known of the same. The jury at least had a right to infer that he did, and we cannot interfere with their conclusion in that respect.

It further appears from the evidence that, at the time plaintiff quit, defendant was quite angry, and told plaintiff that he didn't want him

> "To come near the office any more if he wouldn't work under the direction of his [defendant's] wife, and several other things";

That he did not go to the office the next day, and spoke to defendant about settling up, who said he would settle, but never did. There

was further evidence that plaintiff assented to his discharge, which was not at the time claimed to have been for any default of his or violation by him of the terms of the original agreement. This made plaintiff's acquiescence in the modifications in respect to the righ' of either party to terminate the employment at will an issue of fact for the jury. This testimony tended to show that reciprocal rights were granted and concessions made by each of the parties in the modification of the original agreement, and were acquiesced in by each; hence upon the verdict of the jury the new contract, though resting partly upon the original stipulations and partly upon parol changes, must be regarded as their final determinative convention concerning all matters between the parties. Siebert v. Leonard, 17 Minn. 410 (433); McClay v. Gluck, 41 Minn. 193, 42 N. W. 875; King v. Duluth M. & N. Ry. Co., 61 Minn. 482, 63 N. W. 1105.

It is claimed for defendant that the action was prematurely commenced, since under the written agreement the settlements could not be made until January 1, following; but we are unable to adopt this view. The settlements referred to in the written contract were obviously based upon its supposed continued existence without change. If the contract was altered so that rights therein provided for might be terminated, such changes became a part of the new agreement, and substantially affected the obligations of the parties not only where so expressly stated, but when reasonable necessary results would or ought in justice to be inferred. It was not expressly stated that a right of action should accrue for the amount found to be due plaintiff upon settlement, but it is only a fair implication that an immediate right of action accrued, rather than that plaintiff should wait for compensation he had earned long after his claim thereto had been established by an accounting; and if it was the duty of defendant to make a settlement with plaintiff, the request of the latter therefor and refusal by the former to accede thereto answer the contention that the suit was prematurely brought.

It is likewise a sufficient answer to the suggestion that under the original contract it is to be presumed that the percentage upon the net profits of the business involved a longer period than plaintiff's actual service to say that, if this be so, it was only the necessary result of the agreement to settle on the termination of the contract as

modified that the change made waived defendant's rights in that regard.

There was evidence on the part of the defendant tending to show that after plaintiff quit he was requested by defendant to return to his employment. This view was not submitted to the jury. We have no doubt the court was right in this respect. An issue was clearly made in the evidence upon the disputed fact of plaintiff's discharge. Defendant denied that he discharged the plaintiff, and claimed that the latter quit wrongfully, and of his own accord, in which case the jury were told he could not recover; but he also insisted that, if plaintiff was in fact discharged, and the jury must have found this to be so, then all mutual rights under the contract were terminated, and we know of no rule that would then permit defendant to repudiate his own action and re-establish the obligations of the other party.

We have considered every assignment which we regard as important for the determination of this appeal. Those not specifically noticed are neither new nor material.

Order affirmed.