Submitted on briefs July 27, decided August 16, 1910.

## EDMUNDS v. WELLING.

[110 Pac. 533.]

APPEAL AND ERROR—EQUITY—TRIAL DE NOVO—FINDINGS OF TRIAL COURT—EFFECT.

1. Since, as specifically provided by Acts 1893, p. 26, an equity case is tried anew in the appellate court, the findings of the trial court are merely advisory, so that in a suit to foreclose a mechanic's lien the insufficiency of the court's findings to support the decree cannot be a ground for reversal.

MECHANICS' LIENS—CONTRACTS—SUBSTANTIAL COMPLIANCE.

2. Though a contractor has not fully complied with his contract, yet, if he has substantially done so, he may enforce his lien, recovering the contract price, less what it would cost the other party to complete the work in exact accordance with the contract.

MECHANICS' LIENS—CONTRACT — SUBSTANTIAL COMPLIANCE — QUESTION FOR THE JURY.

3. What is a substantial compliance with a contract to enable a contractor to foreclose his mechanic's lien is for the jury to decide from all the facts in the case.

CONTRACTS—BREACH—RECOVERY.

4. Where a contractor, without cause, quits his work, or makes no effort in good faith to perform it, he cannot recover on his contract.

CONTRACTS—BUILDING CONTRACT—SUBSTANTIAL COMPLIANCE—RIGHT OF
    RECOVERY.

5. Where a contractor has substantially, but not fully, complied with his agreement, and the omissions and defects are such that they can be remedied without taking down or reconstructing a substantial portion of the building, he can recover the contract price, less the reasonable expense of supplying or correcting the defect.

CONTRACTS—SUBSTANTIAL COMPLIANCE—AMOUNT OF RECOVERY.

6. Where a contractor has substantially, but not fully, complied with his agreement, and the omissions and defects are such that they could only be remedied by taking down and reconstructing some substantial portion of the building, then he can recover the amount which the building is worth less by the defect than the contract price.

CONTRACTS— LABORERS— FAILURE OF COMPLETE PERFORMANCE—EFFECT.

7. One of the exceptions to the rule that he who makes an entire contract can recover no pay unless he performs it entirely according to its terms is in favor of laborers who contract to perform personal services, and without fault of either party fail to complete performance.

CONTRACTS—ACCEPTANCE OF INFERIOR ARTICLE—EFFECT.

8. One of the exceptions to the rule that he who makes an entire contract can recover no pay unless he perform it entirely according to its terms is where a contractor supplies an article different from or inferior to that promised, which, with knowledge thereof, is accepted.

CONTRACTS—MODIFICATION—WAIVER OF CERTAIN STIPULATIONS.

9. Where a party had made a contract with a contractor to do certain painting and woodwork, the woodwork to have a wood finish, a subsequent agreement that the wood should have a coat of stain so modified the original contract that the right to insist that it called for a wood finish was waived.

From Coos: JAMES W. HAMILTON, Judge.

This is a suit by J. S. Edmunds against N. H. Welling to foreclose a mechanic's lien. From a decree in favor of plaintiff, defendant appeals.                    AFFIRMED.

Submitted without argument under the proviso of Rule 16 of the Supreme Court. 50 Or. 580 (91 Pac. VIII).

For appellant there was a brief over the names of *Messrs. Guerry & Hollister* and *Mr. A. H. Derbyshire.*

For respondent there was a brief over the name of *Mr. C. E. Maybee.*

MR. JUSTICE EAKIN delivered the opinion of the court.

In December, 1906, plaintiff and defendant entered into an oral agreement whereby plaintiff undertook to furnish the material and labor in painting, clothing, and papering a certain dwelling, then being erected by defendant, for which plaintiff was to receive from defendant $90 in money and two suits of clothes, of the value of $47.50 and $37.50, respectively. The work was to be done in a good workmanlike manner according to certain specifications, which were in writing. The portion thereof in controversy here provides, that the "inside is to receive two coat work; first coat, natural wood filler; second coat, B B Luxberry wood finish. Cloth and paper—interior of building to be covered with best quality paper and lining at an average cost of thirty cents (30c) per double roll. Paper to be selected by the owner."

1. It is first contended by appellant that the findings do not support the decree. Section 406, B. & C. Comp., provides for findings by the trial court in equity cases. This section, as amended (Laws 1885, p. 69), required findings upon all material issues of facts, and provided that such findings should be as conclusive as the verdict of a jury, in an action at law, while section 555 provides that upon appeal the suit shall be tried anew upon the transcript and evidence. Prior to the later amendment thereof (Laws 1893, p. 26), the force and effect of such findings, upon appeal, were not definitely settled. But the amendment of 1893 provides that the cause shall be tried anew in the Supreme Court without reference to the findings of the circuit court, and thus conforms with Section 555; and the effect thereof was settled in an opinion by Mr. Justice Wolverton, in *Nessley* v. *Ladd,* 29 Or. 354 (45 Pac. 904), holding that the appellate court will try the case anew for itself, and so far as the findings are considered at all, it will be only as advisory. This statement of the law has been adhered to by Mr. Justice MOORE

in *Wollenberg* v. *Minard,* 37 Or. 621 (62 Pac. 532), and by Mr. Chief Justice BEAN in *Baines* v. *Coös Bay Nav. Co.,* 41 Or. 135 (68 Pac. 397). Therefore the insufficiency of the findings made by the trial court cannot be ground for reversal: *Gentry* v. *Pac. L. S. Co.,* 45 Or. 233 (77 Pac. 115); *Powers* v. *Powers,* 46 Or. 479, 481 (80 Pac. 1058). In *Sutherlin* v. *Bloomer,* 50 Or. 398 (93 Pac. 135), this question is directly decided.

2. Defendant also contends that plaintiff has not performed his work according to the contract, and therefore is not entitled to a lien. The rule is that the work must be done substantially according to the contract to entitle the contractor to a lien. But if an effort in good faith has been made to comply with the contract, and is substantially, though not fully complied with, the contractor is entitled to a lien for the contract price, less such deductions as should be made on account of the defects and omissions in doing the work. 27 Cyc. 85; *McCue* v. *Whitwell,* 156 Mass. 205 (30 N. E. 1134); *Holl* v. *Long,* 34 Misc. Rep. 1 (68 N. Y. Supp. 522).

3. The authorities are not uniform as to what will constitute a substantial compliance, it being, as stated in Rockel, Mech. L., Section 49, a question of fact for the jury to decide from all the facts and circumstances in the case.

4. The contractor cannot without cause quit the work, or without an effort in good faith to perform it, recover on his contract or enforce a lien therefor.

5. The remedy seems to be well stated in *Sherry* v. *Madler,* 123 Wis. 621 (101 N. W. 1095), where the question was before the court. Evidence was offered by defendant to the effect that certain parts of the work did not accord with the contract, and that the house was of less value on account of such default, but was excluded. This was held to be error and the decree was reversed,

the court saying that further evidence must be taken upon the following questions:

"First, was the house built in compliance with the plans and specifications furnished by defendant to the appellant August 26 and 28, 1902? Second, if not built in exact compliance with them, was there such substantial compliance in good faith as will entitle the plaintiff under the principle stated in *Manitowoc S. B. Works* v. *Manitowoc G. Co.*, 120 Wis. 1 (97 N. W. 515), to recover the contract price, less proper deduction for defects or defaults in performance? If this latter question be answered 'No,' then there can be no recovery; but, if answered 'Yes,' then the rules by which proper deductions are to be ascertained are important, and these may be stated as follows: In case of entire neglect to furnish an item of labor or material, or in case of a defect which may be easily remedied without taking down and reconstructing a substantial portion of the building, this allowance should equal the reasonable expense of supplying or correcting the defect.

6. "In case of a defect which could only be remedied by taking down and reconstructing some substantial portion of the building, the allowance should be the amount which the building is worth less by reason of the defect than the contract price."

7, 8. In the case of *Manitowoc S. B. Works* v. *Manitowoc G. Co.*, referred to in the above quotation, the court makes three exceptions from the rule that strict compliance with the contract is essential to recovery:

"First, in favor of laborers who contract to perform personal services, and without fault of either party fail to complete performance; * * secondly, in building contracts, where the contractor constructs something on the land of another which by oversight, but in good faith effort to perform, fails to entirely satisfy the contract, but is so substantially in compliance therewith that the structure fully accomplishes the purpose of that contracted for, and the other party voluntarily accepts the benefit thereof, or where the failure is mere inconsiderable incompleteness, and the expense of completion is easy of ascertainment; * * and, thirdly, where the con-

tractor supplies an article different from or inferior to that promised," which with knowledge thereof is accepted.

The court concludes from these exceptions that the question is not what will reasonably compensate the contractor, but what can the purchaser pay without being put in worse position than if the contract had been performed. The same principle is recognized in *Gove & Co.* v. *I. C. M. & M. Co.*, 16 Or. 96 (17 Pac. 740), where it is held that, if the contract has been substantially fulfilled, the plaintiff is entitled to maintain an action upon it, the defendant being entitled to such a deduction from the contract price as will enable him to complete the work in exact accordance with the contract.

9. Defendant paid $75 in money upon the contract, and thereafter refused to make further payment. He contends that plaintiff failed to clean and sandpaper the woodwork before applying the filler, that he applied the paint in a slovenly manner, and that the work was not completed, in that certain window jambs and caps of door casings were not painted, and he claims damage in the sum of $250. The evidence discloses that, when the filler was applied, it appeared that the woodwork was rough in places and had mud stains on it, which showed through the filler, and it thereby became necessary to cover it with a stain, and defendant contends that this is such a deviation from the contract as defeats plaintiff's right to recover. When the filler was applied, plaintiff called defendant's attention to the fact that the stains on the wood would show through the varnish, and thereupon a modification of the agreement was made by which plaintiff was to put on a coat of stain to cover the defects in the wood, for which defendant agreed to pay an additional compensation of $32.50. By that modification of the contract defendant waived his right to insist that the contract called for a wood finish: *Holl* v. *Long,* 34 Misc. Rep. 1 (68 N. Y. Supp. 522) ; *McCue* v. *Whitwell,* 156 Mass.

205 (30 N. E. 1134) ; *Close* v. *Clark* (Com. Pl.) 9 N. Y. Supp. 538.

The evidence also shows that in one of two window frames the groove was not stained. A workman testifies that, when he stained the windows, the sashes in these two were so swollen that they could not be raised or lowered, and that thereafter they were overlooked. Also, the edges of some of the tops of the door casings were not painted, and there was some evidence tending to show that in places the paint was not well spread, leaving a dauby appearance. Defendant is entitled to a deduction on account of these defects and omissions in such amount as will compensate him for the damage sustained by the omissions.

We find from the evidence that defendant has not completed the work in exact compliance with the contract, but that he has substantially done so, under the above rule, and is entitled to recover the contract price, less such amount as will compensate defendant for the defects and omissions.

The trial court allowed defendant a credit of $40 for such defects in the work, which we think is a liberal allowance, and the decree of the lower court is affirmed.

AFFIRMED.