## TOWN OF DECATUR *v.* JAUDON.

1. Where, having reference to the contemplated construction of a system of waterworks, a civil engineer made to the municipal authorities of the town proposing to construct the waterworks a written proposition offering his services in the following language: "I will do all the work necessary to get up a complete set of plans and specifications for your proposed waterworks; said plans and specifications will be such that you will be able to invite bids on the same; and after the contract is awarded from the bids, I will supervise the construction of the work and see that the same is carried out according to the plans and specifications adopted by you. I will make a proposition to do all the work for the lump sum of fifteen hundred dollars, this amount to include all expenses of getting up the plans and specifications and the supervision of the work after the same has been contracted;" and this proposition was accepted without additional stipulation or qualification, the engineer could not recover against the municipality for additional services and expenses which were rendered and incurred by him after the time fixed in a contract between the municipality and the contractors who were to construct the waterworks had expired. His right of recovery was limited to the lump sum named in the proposal.

2. The contract was free from ambiguity. And the engineer could not, in a suit against the municipality, based upon this contract, open the way for the introduction of parol evidence which would alter or change the terms of the written instrument, by allegations as to his understanding of the terms and scope of the written contract and that his understanding of it was known to the municipal authorities.

3. Stipulations in the contract between the municipal authorities and the contractors who undertook the work of construction, providing for penalties in the event of failure on the part of the contractors to carry out the terms of their contract with the municipality, could not be invoked by the plaintiff in this case, who was not a party to the contract last referred to.

SEPTEMBER 26, 1911.

Complaint. Before Judge Roan. DeKalb superior court. April 30, 1910.

H. S. Jaudon, a civil engineer, made the following written proposition to the Town of Decatur: "I will do all the work necessary to get up a complete set of plans and specifications for your proposed waterworks; said plans and specifications will be such that

.ou will be able to invite bids on the same; and after the contract is awarded from the bids, I will supervise the construction of the work and see that the same is carried out according to the plans and specifications adopted by you. I will make a proposition to do all the work for the lump sum of fifteen hundred dollars, this amount to include all expenses of getting up the plans and specifications and the supervision of the work after the same has been contracted." The Town of Decatur, acting through its mayor and council, accepted this proposition. Immediately Jaudon set about making surveys, maps, estimates, plans, and specifications for the construction of the system of waterworks, and submitted his work to the town for final disposition. The town adopted the plans and specifications and advertised for bids, which resulted in the making of a contract with Walton & Wagner, wherein it was stipulated that Walton & Wagner would, at their own cost and expense, do all the work, furnish all the material, equipment, and labor necessary for the construction of the waterworks in accordance with the plans and specifications so prepared by Jaudon and accepted and adopted by the Town of Decatur. In order to secure the faithful performance on their part, Walton & Wagner executed and delivered to the town a good and solvent bond. So much of the contract entered into between the Town of Decatur and Walton & Wagner as Jaudon claims to be material to the issues in his suit against the Town of Decatur is as follows: Walton & Wagner guarantee to complete the contract on or before October 1st, 1907. They have carefully examined the annexed specifications, contract, and plans on file in the office of the city clerk and engineer, and made all personal examination necessary to fully understand the meaning and intent of the same. Walton & Wagner further agree to do the work in strict accordance with the plans and specifications on file; said plans and specifications, in addition to the proposal hereinbefore mentioned, being annexed and made a part of this contract. It is mutually agreed that payments will be made by the town as set out in the specifications. The contract must be finished within the time named in the proposal, time being of the essence of this contract, and the work must be carried on continuously and diligently from the time of beginning. Should the contractors fail to complete the work, as specified in the proposal, within the time named therein, they hereby agree to pay all expenses incurred

by the engineer for engineering and inspection, due to said delay, which amounts shall be deducted from any moneys which may be due by the town. Should the town authorities see fit, they may extend the time for the completion of the work; in such case the contractor agrees to pay all expenses, such as engineering and inspection, that the engineer may incur, due to said extension. At the end of each month the town will have made an estimate of the amount of work done during the month, and will pay to the contractors eighty per cent. on such estimate. At the completion of the contract the town will have made a final estimate of the work done, and will cause to be paid to the contractors, within thirty days after such final estimate is made, the entire sum found to be due under the contract, after deducting therefrom all previous payments. The entire work must be completed within the time set out in the proposal.

The work of constructing the waterworks system was not completed until several months after October 1, 1907. Jaudon sues the Town of Decatur for services and expenses incurred in connection with supervising the work of Walton & Wagner for the months of October, November, and December, 1907, aggregating the sum of $872.35. He alleges, that the intent and meaning of the contract between the Town of Decatur and himself was that he would be paid by the town $1,500 for services rendered by him between the time the contract was made and the first day of October, 1907, and that for all services rendered by him after October 1st he was to be paid by defendant, but defendant was to be reimbursed by Walton & Wagner; that this is a reasonable construction of the contract, and is the construction he put upon it at the time he entered into his contract with the defendant, and at all times since; and that this construction by him was known to the defendant all the while and not disputed by the defendant until long after October 1, 1907.

The defendant demurred generally to the petition. The demurrer was overruled, and the defendant excepted.

*L. J. Steele* and *Nathan Harris,* for plaintiff in error.

*J. D. Kilpatrick,* contra.

Beck, J. (After stating the facts.) The defendant in the court below by general demurrer challenged the right of the plaintiff to recover on the case as set forth in the petition. The court held that

the petition set forth a cause of action, and overruled the demurrer. Under the contract in this case between the plaintiff and the defendant municipality, the former was entitled only to the sum of $1,500, for which, in a proposal offering his services to the municipality, he had undertaken to supervise the construction of the contemplated work and to see that the same was carried out according to the plans and specifications to be adopted. Under the proposition submitted by the plaintiff himself in writing, he was to "do all the work for the lump sum of fifteen hundred dollars, this amount to include all expenses of getting up the plans and specifications and the supervision of the work after the same has been contracted." This proposition was accepted by the Town of Decatur without additional stipulation or qualification. It would be difficult to conceive of a contract freer from ambiguity and more plainly revealing its meaning without the aid of construction or interpretation. As brief as the contract is, it iterates and reiterates the proposition to do the work of supervision, and to do and perform all the duties incumbent upon the engineer of such an enterprise, for a "lump sum" definitely fixed. Jaudon was not a party to the contract between the town and the firm of contractors, Walton & Wagner, and he can not invoke the terms of that instrument to change or alter the plain terms of the contract between himself and the defendant in this case. In this connection see notes to the case of Inman Mfg. Co. v. American Cereal Co., 8 L. R. A. 1140 (133 Iowa, 71, 110 N. W. 287), and cases there cited. If it were permitted by parol evidence to raise an ambiguity in a contract as free from that vice as the contract now under consideration is, then no written contract could be exempt from the danger of attack by parol evidence. The court erred in not sustaining the general demurrer.

*Judgment reversed. All the Justices concur.*