## 19451. COBB *v.* BOND.

Broyles, C. J. The petition as amended was subject to general demurrer, and the trial judge of the municipal court of Atlanta properly so held. The reversal of that ruling by the appellate division of the court was error; and the judge of the superior court erred in sustaining the decision of the appellate division and in overruling the defendant's petition for certiorari. See, in this connection, *Town of Decatur* v. *Jaudon,* 136 *Ga.* 854 (72 S. E. 351).

*Judgment reversed. Luke and Bloodworth, JJ., concur.*

Decided April 9, 1929. Rehearing denied May 15, 1929.

638

*Edgar Latham,* for plaintiff in error.

*Brown & Brown, J. Wightman Bowden,* contra.

ON MOTION FOR REHEARING.

BROYLES, C. J. It is true (as pointed out in the motion for a rehearing) that in *Town of Decatur* v. *Jaudon,* 136 *Ga.* 854 (supra), there was no alteration of the plans and specifications submitted by Jaudon and accepted by the Town of Decatur, and that in the instant case the original plans and specifications submitted by Bond, the contractor, and accepted by Cobb, the owner of the stores to be built by Bond, were so changed as to increase the cost of the buildings. In our opinion, however, that distinction between the facts of the two cases is immaterial for the following reason: The contract entered into between Bond and Cobb provided that Bond would furnish plans and specifications for the erection of two stores, and would build them; that the amount to be paid by Cobb to Bond was four hundred dollars, to be paid as follows: "Fifty dollars to be paid for the plans and specifications upon their delivery, and the balance to be paid as the work progresses in weekly amounts of twenty-five dollars per week until two hundred dollars has been paid, at which point the payments shall cease until the stores are fully completed and an inventory of total cost of same be made; and if such cost is found to exceed five thousand dollars, then the balance remaining due to the contractor

shall be applied to paying this excess; and if, after such excess over $5,000 is paid, there shall be a balance left of the amount due the contractor, it shall be paid to him. If this balance due the contractor under the above terms of payment, to wit, $200, is not sufficient to pay the excess of the total cost above $5,000 of the stores completed, the owner agrees not to hold the contractor liable for such balance uncovered by the $200." It was also provided in the contract that the owner of the buildings to be erected had *the right*, as the work progressed, *to alter the plans,* and that his decision thereon was final. It follows, therefore, that when the contract was signed, the contractor knew that the plans could be changed by the owner, and he knew, or should have known, that such alterations would probably, or at least possibly, increase the cost of the buildings, and yet he agreed in the contract to erect them for the sum stated therein. He could have provided in the contract that if the alterations in the plans increased the cost of the buildings he should receive additional compensation, or that the increased cost should not operate to diminish the total amount ($400) which he was to receive under certain conditions. He did not do so, however, and he is bound by the express terms of the written contract executed by him. The contract was unambiguous, and, in a suit upon the contract, the contractor can not alter or change the terms of the written instrument by any allegations in his petition. In our opinion the principle enunciated in the decision of the *Jaudon* case, supra, is applicable to the facts of this case.

*Rehearing denied. Luke, J., concurs. Bloodworth, J., dissents.*