38012. BAILEY *v.* MARTIN *et al.*

DECIDED JANUARY 21, 1960.

66

*Robert Edward Surles,* for plaintiff in error.

*Cook & Palmour, A. Cecil Palmour,* contra.

CARLISLE, Judge. All that a petition needs to allege in order to state a cause of action and to withstand a general demurrer is facts showing the existence of a duty on the part of the defendant, the violation of that duty by the defendant, and the damages accruing to the plaintiff as a result thereof. *Vickers* v. *Georgia Power Co.,* 79 *Ga. App.* 456, 458 (54 S. E. 2d 152); *Hogan* v. *Young Men's Christian Association,* 82 *Ga. App.* 372 (61 S. E. 2d 161); 41 Am. Jur. 345, Pleading, § 78. After the owner and a builder have entered into a written contract for the construction of a building, they may thereafter, by mutual consent, alter or modify the original contract. Jacksonville & A. R. Co. *v.* Woodworth, 26 Fla. 368 (8 So. 177); Cornish *v.* Suydam, 99 Ala. 620 (13 So. 118). Under this rule they may, by subsequent agreement, modify the contract and require thereby deviations and departures from the original contract and enter into a new and completely different agreement. West Haven Water Co. *v.* Redfield, 58 Conn. 39 (18 A. 978); Greene *v.* Paul, 155 Pa. 126 (25 A. 867). When the facts

alleged in the petition, reasonably construed, show that the parties have thus entered into a new and distinct agreement, they will be held to have waived by such a course of conduct any right contradictory to the new agreement embodied in the original contract. Cornish v. Suydam, supra; Edmonds v. Welling, 57 Ore. 103 (110 P. 533); *McDaniel* v. *Mallary Bros. Machinery Co.*, 6 *Ga. App.* 848 (66 S. E. 146); *Greene County Oil Co.* v. *McCaw Mfg. Co.*, 9 *Ga. App.* 39 (70 S. E. 201); *Meredith* v. *Fay & Egan Co.*, 36 *Ga. App.* 506 (137 S. E. 409); *Eaves* v. *Georgian Co.*, 47 *Ga. App.* 37 (4) (169 S. E. 519); *Kennesaw Guano Co.* v. *Miles & Co.*, 132 *Ga.* 763 (64 S. E. 1087). Thus, where a written contract for the construction of a building is on its face complete within itself and contains therein a stipulation that no changes or alterations or modifications thereof will be allowed unless in writing, the parties may by mutual assent disregard this provision of the contract and enter into a new agreement regarding the same subject matter, and if such new agreement is supported by a sufficient consideration be bound thereby even though its terms may be at variance with the original contract and not in writing. *Evans* v. *Henson*, 73 *Ga. App.* 494 (3) (37 S. E. 2d 164); *Langenback* v. *Mays*, 205 *Ga.* 706 (1) (54 S. E. 2d 401, 11 A. L. R. 2d 1221); *Fisher* v. *J. A. Jones Constr. Co.*, 87 *Ga. App.* 317, 318 (1) (73 S. E. 2d 587). It has been held that the sole purpose and effect of stipulations against changes in a building contract except in writing is to prevent the builder from recovering for extras by showing that they were not included in the original contract but were necessary for the completion of the building as thus originally contracted for and that they were furnished by him. Michaud v. MacGregor, 61 Minn. 198 (3) (63 N. W. 479). In such a situation where the builder makes alterations which entail the outlay of additional expenses and costs pursuant to the owner's promise to pay therefor and the owner thereafter accepts the building as thus altered and occupies the same, there is sufficient consideration to authorize the recovery by the builder from the owner for such additional expenses and costs shown to have been incurred as the result of such changes. Code § 20-304. *Retailer's Service Bureau* v. *Newman, Frierson & McEver Co.*, 40 *Ga. App.* 185 (2) (149 S. E. 89).

In the instant case, the petition alleges that the defendants requested the changes and additions to the job and expressly promised to pay therefor and that the plaintiff made the changes and supplied the additional items and that the defendants accepted the house as thus changed. His petition does not allege or show that the items sued for were necessary to the completion of the original job in accordance with the original specifications. If the plaintiff can prove the facts alleged, he ought to be entitled to recover his additional costs as set forth in his petition.

In *McDaniel* v. *Mallary Bros. Machinery Co.*, 6 *Ga. App.* 848, supra, it was pointed out that the invoking of a stipulation in a contract similar to the one here relied on by the defendant, after the performance of the contract by the plaintiff and the performance of extra work on the promise of the defendant to pay therefor, in effect, works a forfeiture of the plaintiff's rights to recover for such extras. As there said (headnote 1), "forfeiture of rights is not favored and the courts will readily seize upon circumstances arising in the subsequent conduct or transactions of the parties and imply a waiver, in order to prevent a forfeiture because of noncompliance with formal prerequisites." Applying these principles to the instant case, the defendants ought not to be allowed to rely on the requirement of the original contract that changes in the specifications and additions to the contract must be in writing where by a course of conduct consisting of entering into an oral agreement with the plaintiff for changes they induced the plaintiff to make the changes in reliance upon their contemporaneous promise that they would pay therefor, and where they thereafter accepted the building as thus changed. To permit them to thus lull the plaintiff into a false sense of security by a reliance upon their promise to pay and their acceptance of the work and then to invoke the defense that the plaintiff had failed to comply with the formal prerequisites before making the changes and that they were not, therefore, bound to pay therefor would be unconscionable, and the court should seize upon these very circumstances to imply a waiver by the defendants of the formal requirement that such changes be in writing.

The defendants rely on four cases in support of their contention

that the plaintiff ought not to recover in this case; they are: *Heard* v. *Dooly County*, 101 *Ga.* 619 (28 S. E. 986); *Town of Decatur* v. *Jaudon*, 136 *Ga.* 854 (72 S. E. 351); *Cobb* v. *Bond*, 39 *Ga. App.* 637 (148 S. E. 411); *Grahn Construction Co.* v. *Pridgen*, 49 *Ga. App.* 720 (176 S. E. 656). In all of these cases, with the exception of the *Cobb* case, the petition did not allege any facts showing an express agreement by the defendant to the changes, or that the changes were not necessary to the completion of the original job. In the *Cobb* case, the decision turned on the fact that the contractor entered into a contract to construct the building which expressly provided that the owner might make changes therein during the course of the construction and contained no provision for the payment of any additional sums on account of such changes. The owner made changes which were within the purview of that provision of the contract and thus could not be recovered for by the contractor as extras. These cases do not require a different ruling from that now made.

The petition in the instant case alleged that the defendants procured the plaintiff to make the specified changes and additions to the house and that they promised to pay therefor, and that, in reliance on the promise, the plaintiff performed the agreement by making the specified changes and additions. These facts established the existence of a duty on the part of the defendants to pay the plaintiff the cost of such changes and additions. The allegation that the defendants failed and refused to pay for such changes and additions upon demand by the plaintiff established the violation of that duty, and the damages accruing to the plaintiff as the result thereof were shown by the fact that the plaintiff had furnished the labor and materials for such changes and had not received compensation therefor. The petition, therefore, was not subject to general demurrer, and the trial court erred in sustaining the general demurrers of the defendants. See generally in this connection: 9 C. J. 717, Building and Construction Contracts, § 51; 17 C. J. S. 843, Contracts, § 371.

*Judgment reversed. Gardner, P. J., and Townsend, J., concur.*