SUMNER W. FARNHAM and another *vs.* WILLIAM F. THOMPSON.

April 3, 1884.

Charge—Obscure Instruction.—A new trial is not to be granted by reason of an instruction to the jury, the meaning of which is obscure, if no explanation was sought from the court.

Same—Harmless Error.—An instruction which, standing alone, bears upon its face a meaning legally erroneous and prejudicial to a party, furnishes no ground for a new trial, if, taken in connection with the whole charge, no error appears, and if it is clear that the jury cannot have been misled.

Evidence.—Irrelevant evidence properly excluded.

Appeal by defendant from an order of the district court for Hennepin county, *Young*, J., presiding, refusing a new trial.

*F. B. Hart*, for appellant.

*McNair & Gilfillan, Wilson & Lawrence*, and *John G. Woolley*, for respondents.

DICKINSON, J. The defendant is charged with the embezzlement and conversion of a large sum of money belonging to the plaintiffs. The plaintiffs having recovered in the action, the case has been

brought here upon a bill of exceptions, it being claimed that there was error in the charge of the court to the jury, and in the excluding of evidence. The defendant was the book-keeper and cashier of the plaintiffs, having the general charge of their office, and of the books of the firm. These books consisted of a day-book or blotter, a journal, and a ledger. The cash account was kept in the ledger, no separate cash-book being kept. It was the duty of the defendant to receive money paid in at the office, and to make some disbursements of money there. The plaintiff Lovejoy was the general financial manager of the copartnership, and moneys received by the defendant, and not disbursed by him, were required to be turned over to Lovejoy for the use of the firm. The evidence tended to show that the money, with the conversion of which the defendant was charged, came into his possession in the office, and was entered in the day-book, but was not entered and did not appear in the cash account; that the shortage alleged occurred by the dropping of cash entries from the day-book, and not carrying them forward to the journal or ledger, and by the abstracting of a corresponding amount of money.

In the course of its charge to the jury the court used the following language: "Now it is claimed by the plaintiffs that, during the year defendant was so employed by them, money was paid to defendant by Mr. Crombie, the proceeds of sales of lumber made in the yard, entries of all of which were made in the day-book; that, of the entries so made, some forty or fifty—the exact number of which I am not certain—were dropped, or, in other words, were never carried forward from the day-book to the journal and ledger, and therefore did not appear in the cash account in the ledger; that the aggregate sum represented by these entries was about $13,000 or $14,000, and, no entries being made of the disposition of such money, the same, if not in the cash drawer, must have been taken out by some person; and it is claimed by plaintiffs that defendant being the person to whom the money was paid when it went into the office, and in whose possession it was while in the office, there can be no other conclusion than that he is the person who took it out and converted it to his own use. *There can be no doubt, if the money is shown to have gone into his possession, but he is called upon to explain satisfactorily what has become*

*of the same, and, in the absence of such satisfactory explanation, he will be legally liable to the plaintiffs for the money."*

Exception was taken to that part of the charge which we have put in italics. It is claimed that it was in effect an instruction that the conceded fact that the defendant received the money at the office imposed upon him the burden of showing affirmatively that he did not misappropriate or convert it. It is not, perhaps, clear what was meant by this language, but it is apparent, from the whole charge, that it had not the meaning, prejudicial to the defendant, which, upon its face and standing alone, might be ascribed to it. The fact was adverted to by the court that the receipt of the money by the defendant, shown by the evidence, was not denied; yet the jury were distinctly instructed that the burden was upon the plaintiffs to satisfy the jury, by a fair preponderance of evidence, that the defendant took and converted the money; and that, unless such fact was established by clear and satisfactory evidence, the verdict should be for the defendant. The language to which exception was taken must be considered in connection with the whole charge, and, in view of the explicit instruction of the court to which we have referred, a majority of the court are satisfied that the jury cannot have been misled by the language recited, or have been led to understand that any burden of proof rested upon the defendant from the fact that he had received the money. It is considered that the most grievous fault that can be assigned respecting that part of the charge is that its meaning is obscure. This would ordinarily be no reason for a new trial, where the court had not been requested to make more plain the meaning intended.

We do not question the rule that a new trial should be had where instructions have been given to the jury having an obvious tendency to mislead them, and which may have done so in the particular case, even though, taken as a whole and properly understood, the charge correctly states the law. This case is not deemed to fall within that rule.

We do not consider the charge subject to the objection that it partially or unfairly presented the case to the jury, to the prejudice of the defendant.

The evidence offered by the defendant to show the straitened financial condition of the partnership was irrelevant. It had no tendency to prove that the defendant did not convert the money which came into his hands.

There was no error in excluding the evidence offered to show that, prior to the defendant's connection with the plaintiffs, Lovejoy had been guilty of fraudulent practices in respect to the accounts and the funds of the firm, whereby his partner had been defrauded. These facts, to which the offer was directed, were foreign to the issue, and, if shown, would have afforded no reasonable ground from which the truth respecting the fact in issue might have been inferred. Evidence was also properly rejected as irrelevant which was offered for the purpose of showing that, during the time of the alleged embezzlement, Lovejoy was living in an extravagant manner. It did not appear that he had not an abundant individual fortune.

Order affirmed.