## H. L. BLAKE and Another v. J. NEILS LUMBER COMPANY.[1]

July 22, 1910.

Nos. 16,638—(196).

**Oral modification of executory contract — part performance.**

The rule that an executory contract, required by the statute of frauds to be in writing, cannot, so long as it remains executory, be modified by a subsequent oral agreement, the terms of which are also executory, has no application, where the modified agreement had been acted upon by the parties and fully performed by one of them.

**Verdict sustained by evidence.**

Evidence *held* sufficient to sustain the verdict of the jury to the effect that a logging contract, in writing in conformity with the statute of frauds, was upon a valuable consideration modified by a subsequent verbal agreement, and, as so modified, acted upon by the parties and fully performed by plaintiff.

Action in the district court for Cass county to recover $5,883.47 upon an alleged modification of a written contract. The complaint alleged the facts set forth in the opinion. The case was tried before Stanton, J., and a jury which returned a verdict in favor of plaintiffs

1Reported in 127 N. W. 450.
        111 M.—33.

for $6,430.51. From an order denying defendant's motion for judgment notwithstanding the verdict or for a new trial, it appealed. Affirmed.

*R. J. Powell* and *F. W. Smith,* for appellant.
*Fryberger & Fullon,* for respondents.

BROWN, J.

The facts in this case are as follows: In September, 1905, the parties to this action entered into a written contract by the terms of which plaintiffs undertook and agreed to cut and deliver, at a stated point, all the pine, spruce, tamarack, and balsam timber on certain lands owned or controlled by defendant, at the agreed compensation of $5.50 per thousand feet for that upon a specified part of the land, and $6 per thousand feet for the remainder. The contract provided that plaintiffs should "log and deliver eight million feet of logs during the logging season of 1905 and 1906, and eight million [feet] each logging season thereafter until said timber is all cut and delivered." Plaintiffs fully performed the contract for the logging season of 1905–1906, and settlement was had and payment made by defendant. The heavy snow and severe weather during that season rendered the work difficult, and steady employment of the men impracticable, which, together with the increased cost of labor and supplies, resulted in a financial loss to plaintiffs. Before the opening of the season of 1906–1907, plaintiffs laid the situation before defendant, and requested an increase in their compensation. Defendant's officers appreciated the difficulties surrounding the preceding logging season, and verbally agreed to pay plaintiffs for the logs to be cut during the then approaching season an additional fifty cents per thousand feet. Plaintiffs performed the contract for that season, and defendant paid them at the increased rate of compensation so agreed upon. Prior to the season of 1907–1908, plaintiffs, for the reasons before advanced, viz., the increased cost of labor and supplies, again applied to defendant for a continuation of the additional fifty cents per thousand feet, and defendant's officers granted the request, and verbally agreed to pay the increased rate for logs cut during that season. Plaintiffs then went forward, and during

the season complied with the contract and cut and delivered the necessary number of logs, and subsequently demanded payment in accordance with the orally modified contract, and defendant refused to pay the advance. They, however, paid the rate provided by the terms of the written contract, which plaintiffs accepted. This action was then brought to recover the additional fifty cents per thousand feet so orally agreed upon. Plaintiffs had a verdict, and defendant appealed from an order denying its alternative motion for judgment notwithstanding the verdict or a new trial.

There is no controversy about the facts stated, though there is a dispute upon one branch of the case, which will be referred to in its proper connection. With reference to the facts already outlined, it is contended by defendant that the original contract for cutting and delivering the logs was one which the statute of frauds required to be in writing, that it was put in writing in conformity therewith, and that the subsequent oral agreement between the parties, by which defendant was to pay to plaintiffs an additional fifty cents per thousand feet, was invalid, and could not be shown by parol testimony. It is undoubtedly sound doctrine that an executory contract, required by the statute of frauds to be in writing, cannot, so long as it remains executory, be modified by a subsequent oral agreement, the terms of which are also executory. But the rule has no application where the modified agreement is acted upon by the parties and has been fully performed and executed by one of them. In such case, if the modification be upon sufficient consideration, the rights and liabilities of the parties are controlled by the new agreement. McClay v. Gluck, 41 Minn. 193, 42 N. W. 875; Burns v. Fidelity Real Estate Co., 52 Minn. 31, 53 N. W. 1017; Spinney v. Hill, 81 Minn. 316, 84 N. W. 116; Lally v. Crookston Lumber Co., 85 Minn. 257, 88 N. W. 846; Youngberg v. Lamberton, 91 Minn. 100, 97 N. W. 571; Denison v. Sawyer, 95 Minn. 417, 104 N. W. 305.

In the case at bar the modified agreement had reference solely to one season's cut under the contract, viz., the season of 1907–1908. The contract in this respect was severable, and each season's work, when completed, represented an independent part of the contract, a compliance with which entitled plaintiffs to their full compensation.

McGrath v. Cannon, 55 Minn. 457, 57 N. W. 150; Spear v. Snyder, 29 Minn. 463, 13 N. W. 910. In reliance upon the new agreement plaintiffs paid the consideration, and otherwise fully performed the contract as modified; and this, within the authorities, relieves the contract from the bar of the statute of frauds. Langan v. Iverson, 78 Minn. 299, 80 N. W. 1051; 20 Cyc. 291, and cases cited. It is clear that, had the contract for the logging season of 1907–1908 been entirely oral, it would have been valid, for the time of its performance did not extend beyond one year. The oral agreement, therefore, for an additional fifty cents per thousand feet was not required, under the statute, to be in writing, and it operated as a valid modification of the original contract. Doherty v. Doe, 18 Colo. 456, 33 Pac. 165; Kribs v. Jones, 44 Md. 396; Blumenthal v. Bloomingdale, 100 N. Y. 558, 3 N. E. 292; 20 Cyc. 287. Had it appeared that the new oral agreement was intended by the parties to continue during the life of the original contract, which was not to be performed within a year, a different question would be presented. But the new contract did not so continue. On the contrary, its performance was limited to the season of 1907–1908.

The case of Grand Forks Lumber Co. v. McClure Logging Co., 103 Minn. 471, 115 N. W. 406, is not in point. In that case the defendant had contracted in writing to cut and deliver, during a series of years, a large amount of timber. The contract required the delivery to be made at a certain place and fixed the compensation of defendant. Defendant failed to perform the contract, and the action was brought to recover damages therefor. Defendant set up in defense a verbal modification of the contract, by which it was relieved from delivering certain of the logs, and also certain changes in the payments provided by the original contract. The court held that the alleged modification was invalid. In this the court was entirely right, for the modification claimed was executory, and continued during the life of the original contract, which extended beyond a year. Unlike the case at bar, there was no performance of the modified conditions. Defendant was in default, and attempted to justify his failure to perform by the alleged parol change in the terms of the contract.

2. We come, then, to the question whether the new agreement was supported by a valuable consideration. Upon this question there is a dispute in the evidence. It is claimed by plaintiffs that during the season preceding the one in question they had entered into a separate contract with defendant to cut and deliver the timber upon a tract of state land which defendant controlled, and which was not included in the contract involved in this action; that they entered upon the discharge of that contract, but were unable to cut all the timber on the land; and defendant relieved them from the failure and paid them for the timber actually taken off. They further claim that, when they requested of defendant an increase in compensation under the contract here before the court, for the season of 1907–1908, defendant, through its general manager, agreed to the raise in consideration that plaintiffs would finish the cutting of the timber on the state land. This plaintiffs agreed to, and during the season completely removed all the timber on that land. All this is denied by defendant's manager, who testified that nothing was said at the time he agreed to the increase about completing the cutting upon the state land. Though admitting an agreement to finish cutting the timber upon that land, the manager claimed and testified that it took place after he had agreed to the increased compensation under the other contract, and that it had no connection with that contract at all. The evidence upon this subject, which we have fully examined, presented a question of fact for the jury to determine. There was a square conflict between the parties, and we discover no reason for interfering with the verdict. Under plaintiffs' theory, which the jury were justified in adopting, plaintiffs were under no obligation to cut the timber on the state land, and their agreement to do so, in consideration of the additional compensation under this contract, was sufficient to support the new agreement.

This covers all questions presented by the assignments of error requiring special mention.

Order affirmed.