## MARTIN O. DURDAHL v. TOSTEN TOSTENSON AND OTHERS.

## SAME v. JOHN G. JOHNSON AND ANOTHER.[1]

### December 2, 1921.

### No. 22,521.

**Contract of sale — parol evidence of consideration for modification admissible.**

1. Where a contract for the sale of real estate has been modified by

[1]Reported in 185 N. W. 494.

parol and has been performed as so modified, it is no longer within the statute of frauds, and the consideration for performing it as modified, received by one party from the other, may be shown by parol.

**Decision sustained by evidence.**

2. The finding that plaintiff is the owner of the land and that defendants have no interest therein is sustained by the evidence.

Actions in the district court for Goodhue county, one action to have a notice of lis pendens canceled of record as a cloud upon the title of certain land and the other to quiet title. The cases were consolidated and tried before Johnson, J., who made findings and ordered judgment in favor of plaintiff. From an order denying their motion for amended findings and conclusions or for a new trial, defendants appealed. Affirmed.

*Arthur E. Arntson* and *Ofstedahl & Rockne,* for appellants.
*Mohn & Mohn* and *F. M. Wilson,* for respondent.

TAYLOR, C.

In April, 1906, defendant John G. Johnson, as party of the first part, entered into a contract with his uncle, Ole T. Nystuen, as party of the second part, by which he sold and agreed to convey to Nystuen, by warranty deed, a designated parcel of land containing 10 acres, and by which Nystuen agreed to pay therefor the sum of $500—$100 at the making of the contract and $400 in April, 1907—and further agreed not to sell the land "without first giving the party of the first part an option thereon at the price named therein, and an additional charge for the actual cost of buildings placed thereon by party of the second part."

Nystuen took possession of the land, erected a dwelling house, barn and other buildings thereon, and paid the purhase price of $500. In 1911 a controversy arose between them concerning their respective rights under the contract, Nystuen insisting that he was entitled to a deed, and Johnson insisting that he was not to give a deed, but was merely to return the $500 paid by Nystuen and pay the actual cost of the improvements made by Nystuen, whenever the latter wished to surrender the land and terminate the arrangement. Johnson claimed that the $500

was not received as the purchase price of the land, but that he was merely to have the use of that sum as compensation for the use of the land while the land was occupied by Nystuen, and that the contract as written did not correctly set forth the contract actually made. They finally reached an agreement by which Nystuen paid him an additional $150, and he executed to Nystuen a warranty deed for the land, which deed bears date May 4, 1911.

In 1919 Nystuen sold and conveyed the land to plaintiff and removed to the state of Iowa. Thereafter Johnson attempted to bring an action against Nystuen to enforce the rights which he claimed under the original contract, and filed a notice of lis pendens against the land. Thereafter plaintiff brought an action against Johnson and his wife to cancel the notice of lis pendens as a cloud on his title, and later brought another action to quiet title. These two actions were consolidated and tried together. The court made findings to the effect that Nystuen became owner in fee of the land under the deed excuted by Johnson; that plaintiff is the owner of the land under his deed from Nystuen, and that defendants have no right, title or interest therein. Defendants appeal from an order refusing to amend the findings or grant a new trial.

The gist of the present controversy is whether Johnson still has the right to repurchase the land under the provision of the original contract quoted above. The court found in effect that, in settlement of the dispute over the respective rights of the parties under the original contract, the defendants relinquished all rights thereunder and conveyed the land to Nystuen in fee, free from all claims on their part, in consideration of the additional sum of $150 paid by Nystuen. The evidence to sustain such finding is ample.

Defendants invoke the well-established rule that, by virtue of the statute of frauds, a contract for the sale of real estate can be modified or changed only by an agreement in writing, and insist that parol evidence was inadmissible to show that they had agreed to relinquish their rights under the original contract in consideration of the additional payment. This would be true, if the modified contract had remained executory. But the parties to a contract, void under the statute of

150 M.—27.

frauds, may perform it if they choose, and, if they see fit to carry it out, it becomes an executed contract, to which the statute of frauds has no application, and the consideration for performing it, received by one from the other, may be shown by parol. Blake v. J. Neils Lumber Co. 111 Minn. 513, 127 N. W. 450; McKinley v. Macbeth, 113 Minn. 148, 129 N. W. 216, 389; Kruse v. Tripp, 129 Minn. 252, 152 N. W. 538; Kent v. Costin, 130 Minn. 450, 153 N. W. 874; Hammel, v. Feigh, 143 Minn. 115, 173 N. W. 570.

Here the subsequent oral agreement, made for the purpose of settling the dispute between them, was fully performed by both parties. Nystuen made the additional payment and defendants conveyed the land by an absolute deed. Nothing remained to be done by either party, and the contract as modified by the oral agreement was no longer executory but fully executed. The settlement remained unquestioned for eight years.

Defendants argue that the original contract required them to execute a deed, and that the deed which they executed should be deemed to have been executed for the purpose of complying with this requirement and with the intention of continuing the option in force. In answer to this contention, it is sufficient to say that defendants did not, in fact, execute the deed in performance of the original contract, but in performance of the modified contract which, although unenforceable while it remained executory, became unassailable as soon as it was fully executed. As the conclusion reached on this question is decisive of the case, the consideration of other questions is unnecessary.

Order affirmed.