## IN RE ESTATE OF FRANK LYON.
## ALVORD PRATT, APPELLANT.[1]

October 26, 1928.

No. 26,928.

**Executor removed.**

Facts found by court warranted removal of executor on theory he had not proceeded with due diligence. [Reporter]

Appeal and Error, 3 C. J. § 850 p. 963 n. 90; 4 C. J. § 1786 p. 184 n. 36.
Executors and Administrators, 23 C. J. § 297 p. 1111 n. 82.

Alvord Pratt appealed from a judgment of the district court for Beltrami county, Torrance, J. affirming an order of the probate court, Koefod, J. removing him as executor of the estate of Frank Lyon, deceased, and appointing an administrator de bonis non with the will annexed. Affirmed.

*P. J. Russell,* for appellant.

*F. J. McPartlin,* for Matilda Van Etten Reasor, respondent.

PER CURIAM.

The appellant appealed from a judgment of the district court affirming an order of the probate court removing him as executor of the estate of Frank Lyon, deceased, and appointing an administrator de bonis non with the will annexed.

[1]Reported in 221 N. W. 648.

The appeal being from the judgment and there being no settled case or motion for new trial, the record presents only the question as to whether the findings of fact sustain the conclusions of law.

Appellant qualified as executor on February 5, 1921. The estate consists of real and personal property of the probable value of $5,700. Claims against the estate aggregate about $2,430.54, and $75 thereof has been paid. Real estate taxes have not been paid since the first half of the 1923 taxes paid in May, 1924. The executor lives at Elmira, New York; and because he lives so far from the property it has been neglected and remains nonproductive and has not been sold to pay debts and expenses of administration. The property is being "allowed to run down," and it is to the interest of the estate, the creditors and the legatees that someone nearer the property be secured to administer the estate properly. The executor, the appellant, has remained wholly inactive for the past three years and has done nothing in the way of attempting to dispose of the real estate, pay the debts or care for the estate. William Lennon of Kelliher, Minnesota, lives near the property and is a suitable and competent person to succeed the appellant.

These facts which are found by the court stand unchallenged upon the record. They warrant the removal upon the theory that the representative has not proceeded with due diligence. First Nat. Bank v. Towle, 118 Minn. 514, 137 N. W. 291; 3 Dunnell, Minn. Dig. (2 ed.) § 3666. It also shows a neglect of duty justifying a removal.

Affirmed.