## VICTOR ERICKSON v. A. D. KLEINMAN AND ANOTHER.[1]

December 13, 1935.

No. 30,505.

[1]Reported in 263 N. W. 795.

624

 

*Nelson, Mohan & Levy,* for appellant.
*John C. Lauber* and *Dan J. O'Connell,* for respondents.

HILTON, JUSTICE.

This is an appeal from a judgment for defendants in an action brought by plaintiff to cancel, annul, and set aside a written contract for the exchange of real property and for other relief in relation thereto.

Plaintiff assigns as error that the findings of fact do not support the conclusions of law and the judgment. It was claimed by plaintiff that the defendants failed to perform their part of the contract. In its findings the lower court stated that there had been substantial compliance with the terms of the contract. There is no settled case. The evidence upon which the trial court based the statement is not before us. Under the circumstances, plaintiff's contention that this is a conclusion of law and not a finding of fact is untenable. G. N. Ry. Co. v. City of Minneapolis, 142 Minn. 308, 172 N. W. 135; In re Estate of Kelly, 177 Minn. 311, 225 N. W. 156, 67 A. L. R. 1268; Evenson v. Aamodt, 153 Minn. 14, 18, 189 N. W. 584.

The contract was for the exchange of 40 acres of land situated in the city of Benson, Minnesota, for an improved business building property (encumbered) located in the city of Minneapolis, the title to which was in plaintiff. Plaintiff urges that a subsequent agreement, made between the parties herein, by which plaintiff was to accept a deed to the Benson property running from one Koch, in whose name the record title stood, instead of a deed from the defendants, as provided in the original contract, was an oral one and thus in violation of the statute of frauds [2 Mason Minn. St. 1927, § 8460]. The findings of the court merely state that there was an agreement. It is not stated whether that agreement was oral or written. This court, without the evidence, has no way of determining the matter. Thus we are not in a position to say that the agreement did violate the statute of frauds. However, even if it

were conceded that the agreement was oral, plaintiff could not prevail. A contract for the sale or exchange of real property, modified by parol agreement and so performed, is not violative of the statute of frauds. Durdahl v. Tostenson, 150 Minn. 415, 185 N. W. 494; 6 Dunnell, Minn. Dig. (2 ed.) § 8880. Here there was performance taking the case out of the statute. The modification of the original agreement was made in July, 1926. Since then a deed to the Benson property, with plaintiff as grantee, has been made by Koch. It was left with the register of deeds awaiting the payment of taxes before recording. The taxes have not been paid because all parties to this action wanted them reduced. Plaintiff, pursuant to an agreement had with defendants, permitted them to become delinquent so that a reduction could be secured.

Defendants, in the meantime, have made valuable improvements on the Minneapolis property. They have reduced the mortgage on it and paid the taxes regularly. Plaintiff has received all the benefits from the tract of land for which he bargained, including the profits therefrom. He has enjoyed quiet and peaceful possession thereof. The subsequent agreement, whether it was oral or written, has been substantially performed. Furthermore, plaintiff is estopped from claiming any rights he might have had under the original agreement insofar as it was altered by the subsequent one. Defendants, in reliance on plaintiff's actions, are in a position from which it would be difficult, if not impossible, to restore the *status quo.*

A full discussion of the findings and the memorandum made a part thereof is unnecessary. It is apparent that there has been a substantial compliance on the part of the defendants. In its conclusions of law the court found that the defendants were entitled to judgment against the plaintiff dismissing the plaintiff's action herein, with prejudice; judgment against the plaintiff in the sum of $152.40, together with interest at the rate of six per cent per annum from July 31, 1926; and judgment against the plaintiff for their costs and disbursements. No appeal was taken from the order denying plaintiff's motion for a new trial. There being no settled case, the only question on appeal from the judgment is

whether the findings of fact support the conclusions of law and the judgment. State ex rel. Timo v. Juvenile Court, 188 Minn. 125, 246 N. W. 544; In re Estate of Lyon, 175 Minn. 619, 221 N. W. 648. They do.

Affirmed.

DEVANEY, CHIEF JUSTICE, took no part in the consideration or decision of this case.

