# FLORENCE B. SWENDSON v. JAMES JAY SWENDSON.

98 N. W. (2d) 665.

October 16, 1959—No. 37,665.

*Harold E. Ruttenberg, Lawrence D. Cohen,* and *Graff, Schultz & Springer,* for appellant.

*Richard E. Kyle* and *Briggs, Gilbert, Morton, Kyle & Macartney,* for respondent.

FRANK T. GALLAGHER, JUSTICE.

This is an appeal from parts of a judgment of the district court in a divorce action.

The only legal issue raised by the plaintiff wife on appeal is whether the trial court, without her consent, may order the proceeds derived

from the sale of the homestead owned by the parties as joint tenants to be used in payment of debts incurred by defendant husband. She assigns as error that the trial court acted contrary to law in directing that the proceeds be applied for payment of such debts.

Briefly, the findings show that plaintiff and defendant were married June 7, 1938, in Minneapolis; that at the time of the trial and for more than one year immediately preceding the filing of the complaint they were residents of Ramsey County; and that they have one adopted minor daughter, age 17.

At the time of the trial, according to the findings, the property of the parties consisted of: (a) The household goods and effects, as to which there was no testimony as to the market value; and (b) the homestead in St. Paul, purchased by the parties shortly before their marriage for $14,000, of which plaintiff paid $7,000 and the balance was paid by means of a first mortgage on which payments were made by the defendant except for an unpaid balance of approximately $975. Substantial improvements were made on this property from time to time to the cost of which both parties contributed. The market value was approximated at $35,000.

In addition the court found that plaintiff owned: (a) Certain corporate stocks of the approximate value of $4,500; (b) approximately $1,000 in her checking account in a St. Paul bank; and (c) a 15-pay life insurance policy issued to her on the life of defendant and having a cash value of approximately $11,000. By reason of paid-up additions to the policy the amount payable thereon in the event of death of defendant would be approximately $18,000. Premiums on said policy have been paid by plaintiff from monies paid to her by defendant or paid to her on leases of equipment or conditional sales contracts executed by defendant as lessor or seller and transferred by defendant to plaintiff without consideration.

The trial court found that defendant owned: (a) A summer cabin in St. Louis County together with furnishings, boats, outboard motors, and other equipment having an approximate value of $2,000; (b) several insurance policies issued on his life with a cash value of about $60,000, some of which policies were pledged by defendant as secu-

rity for loans; (c) an interest in a medical partnership, there being no evidence as to its value; and (d) bank stock worth approximately $650.

The findings also show that unpaid debts of defendant are as follows: (a) Balance due on homestead mortgage, $975; (b) owed to bank on short term notes secured by a pledge of life insurance policies, $19,000; (c) loans on life insurance policies totaling about $5,300. All of said indebtedness except the mortgage was incurred by the defendant starting in 1940 for the purpose of paying living expenses, according to the findings.

As conclusions of law the trial court determined that judgment should be entered dissolving the bonds of matrimony and granting plaintiff an absolute divorce from defendant. Plaintiff was awarded custody of the minor child subject to rights of visitation on the part of defendant who was ordered to provide for the support, maintenance, and education of said child as follows: All educational expenses until the child attains the age of 21; all medical, dental, and hospital expenses; and a weekly allowance of $5 for spending money. In addition he was ordered to pay plaintiff $30 per month for clothing for the child, $75 a month during the time the child was living at home with plaintiff, and $25 a month while she was not living at home.

Defendant was also ordered to pay plaintiff $400 per month permanent alimony, commencing February 1958, until further order of the court except that in case of plaintiff's remarriage or defendant's death payments shall cease; also to keep in full force and effect at his own cost and expense policies of insurance on his life which will provide for payment to the plaintiff of $35,000 in the event defendant predeceases her, said policies to provide for payment to her of the sum of $400 per month in the event she survives the defendant, with the provision that any amount remaining unpaid on her death becomes part of her estate, or at her option shall be paid to such beneficiaries as she may have designated. Defendant was also required to furnish plaintiff evidence from time to time that the policies are kept in force.

Plaintiff was awarded the $15,000 life insurance policy referred to above, issued on the life of defendant, who shall continue to pay the

premiums for the required period under the terms of the policy. Plaintiff was restricted from borrowing on or surrendering the policy during the lifetime of defendant except on order of the court. Finally, plaintiff was awarded the money in her checking account, any corporate stocks registered in her name, and all furnishings and effects in the homestead property except certain items.

Defendant was awarded the summer cabin including all real estate and equipment connected therewith and also his automobile, all bank accounts owned by him, and the bank stock previously described.

The conclusions of law further determine that judgment be entered ordering the sale of the homestead and that the proceeds of the sale should be applied and distributed as follows:

"First to the expenses of the sale, including real estate commission, if any, then to the payment of the 1957 real estate taxes payable in 1958, and next to the payment of the capital gains taxes, if any, both State and Federal. The balance of the proceeds shall then be used to the extent necessary to pay and fully discharge the mortgage loan on said property, the loans to the Commercial State Bank and the life insurance loans described in paragraph (7) of the findings herein. The balance of the proceeds from the sale of said premises, if any, shall be divided equally between the plaintiff and the defendant."

■ In Konkel v. Fort, 245 Minn. 535, 73 N. W. (2d) 613, we held that on an appeal from a judgment without a settled case orders based solely upon the original records on file may be reviewed. However, jury instructions, intermediate orders, and rulings cannot be reviewed without a settled case, and the review is limited to the question of whether the conclusions of law embodied in the judgment are warranted by the findings of fact or verdict.

It appears from the findings that at the time of the trial both parties agreed that the homestead should be sold and disposed of and they stipulated in open court that the court might make an order providing for such sale. Plaintiff contends that the district court was without power to order proceeds from the sale of the homestead to be applied in payment of debts incurred by defendant. The findings do not refer to the terms of the stipulation. In the absence of a settled case we have

nothing before us to show whether the parties did or did not stipulate with respect to the disposition of the proceeds of the sale.

In Ruprecht v. Ruprecht, 255 Minn. 80, 96 N. W. (2d) 14, we held that the trial court had discretionary power to order the joint tenancy homestead sold and the proceeds applied to pay the claims of creditors.

It is our opinion that the conclusions of law embodied in the judgment are warranted by findings of fact; also that the trial court acted within its discretion in ordering the proceeds from the sale of the homestead to be used in payment of the balance due on the mortgage as well as the debts incurred by the defendant for living expenses of the parties during coverture with the balance to be divided equally between the parties.

In view of our decision on the merits, we do not consider it necessary to pass upon defendant's motion to dismiss.

Affirmed.

Mr. Justice Knutson took no part in the consideration or decision of this case.