## DWINNELL AND COMPANY, INC. v. NONA R. JOHNSON.

### 115 N. W. (2d) 473.

### May 18, 1962—No. 38,465.

*Nona R. Johnson,* pro se, for appellant.
*Thoreen, Thoreen & Lawson,* for respondent.

PER CURIAM.

This is an appeal from a judgment entered in the District Court of Washington County restraining the defendant, Nona R. Johnson, from entering certain premises located in said county. The defendant, in proceedings both in municipal and district court extending over a period of 2 years, and now here on appeal, contends that she is the owner and entitled to the possession of the real estate in question. In her assignments of error she lists 30 points which relate generally to the claim that the proceedings by which plaintiff, Dwinnell and Company, Inc., has been determined to have the right of possession were either void or defective and that plaintiff has lost its right to the premises by failure to assert a claim of interest in the property in her husband's bankruptcy proceedings.

From an examination of the record before us it appears that on May 3, 1956, plaintiff sold to Ray C. Johnson and the defendant, Nona R. Johnson, his wife, certain real property on a contract for deed. The sale price was $28,000, of which $2,000 was paid upon execution. The contract provided for monthly payments in the amount of $225 plus a payment of $1,000 to be made on June 1, 1957, and a like amount on June 1, 1958.

It appears from the record and the files of the clerk of district court, which we have before us, that on June 27, 1957, the defendant's husband filed a petition in bankruptcy. In those proceedings, the property in question was listed as his homestead. He valued his equity in the property as $1,214.16 and stated the balance due on the contract for deed was $25,271.69. The Dwinnell company had notice of the bankruptcy proceedings. The referee in bankruptcy approved the report of the trustee exempting the property as the homestead from claims of all creditors.

On May 22, 1958, the contract was in default, there being $2,575 delinquent. On that date notice of cancellation was served upon the Johnsons. On July 14, 1958, the cancellation proceedings were completed terminating the interest of the purchasers in the property. Mrs. Johnson remained in possession and refused to vacate the property after the contract for deed was cancelled. The Dwinnell company thereupon instituted an action for unlawful detainer in municipal court in the city of Stillwater on July 26, 1958. In this proceeding the court ordered restitution of the premises to the Dwinnell company. Even after the district court on July 22, 1959, confirmed by judgment the company's fee simple ownership, the defendant continued in possession of the premises.

Thereafter the Dwinnell company instituted an action which is the subject of this appeal. By the complaint it was alleged that the company owned the property in question; that it was entitled to immediate possession of it; and that the defendant was wrongfully withholding possession from the plaintiff. It asked for judgment permanently enjoining the defendant from entering upon the premises and ordering her to remove herself and her property therefrom. The complaint asked for damages for occupancy by the defendant of the property on the basis of $125 per month. By answer the defendant alleged that the proceedings instituted by the company to secure possession of the property were based upon affidavits and records "which are A FRAUD UPON THE COURT," and because of various defects in the proceedings to cancel the contract for deed and the failure of the company to assert its claim in bankruptcy court, the plaintiff was not entitled to the relief requested. The answer asserts a counterclaim against the plaintiff

company for damages in the sum of $10,760. On September 15, 1959, while this action was pending, the plaintiff obtained an order for a temporary injunction enjoining Mrs. Johnson from entering on the premises. On October 19, 1959, an order to show cause why she should not be held in contempt for failure to comply with the temporary injunction was served upon her. Hearing was had on November 4, 1959, as a result of which she was held in contempt of court but not confined to jail. On January 23, 1960, however, defendant again occupied the premises. Another order to show cause was issued on February 4, 1960. The district court after a hearing on February 8, 1960, found the defendant in contempt of court but gave her 24 hours to purge herself by leaving the premises. On February 11, 1960, she was sentenced to 30 days for contempt. The sentence was stayed and she was released from jail on February 18, 1960. Soon thereafter she and her husband left for Denver, Colorado. The household goods were then shipped to Denver, the Dwinnell company paying most, if not all, of the expenses involved in their storage and shipment.

The case came on for trial before the district court on June 1, 1960, and Mrs. Johnson did not appear either in person or by counsel. On October 13, 1960, the court granted the plaintiff a permanent injunction against the defendant. The findings of fact established that Dwinnell and Company, Inc., was the owner of the real estate in question; that a judgment was entered on July 22, 1959, confirming its ownership in fee simple of the real estate free of any lien or claim on the part of Mrs. Johnson; that at the time of the commencement of the action the defendant had forcibly entered and was wrongfully retaining possession of the premises; and—

"That on September 18th, 1959, a temporary injunction was issued and directed to the defendant enjoining and restraining her from entering on the premises and ordering her to remove herself and any property therefrom which was duly personally served on the defendant as required by law on the 22nd day of September, 1959. That thereafter as shown by the files in this case the defendant was brought before this Court in an order to show cause why she should not be punished for contempt for failure to abide by a temporary injunction and that she

was found guilty of contempt. That she subsequently re-entered the premises and based on an order to show cause was again found guilty of contempt. That the actions of the defendant have made it impossible for the plaintiff to sell [or] rent the said property owned by it * * * that the defendants trespass is continuous in its nature and that the plaintiff has not a complete or adequate remedy at law against the said wrongful acts of the defendant and that unless a permanent injunction is granted the plaintiff will suffer irreparable injury and be forced to result to a multiplicity of actions."

Judgment was entered October 13, 1960, which provided:

"That the plaintiff is hereby granted a permanent injunction against the defendant Nona R. Johnson and all persons acting under her enjoining and restraining the said Nona R. Johnson and all persons acting under her from entering on the premises hereinafter described for any purpose whatsoever."

Defendant's counterclaim for damages against the plaintiff was dismissed without prejudice.

Since this matter is before us without a settled case, our review is limited to the question whether the conclusions of law embodied in the judgment are warranted by the findings of fact. In re Estate of Lyon, 175 Minn. 619, 620, 221 N. W. 648; Erickson v. Kleinman, 195 Minn. 623, 625, 263 N. W. 795, 796; Swendson v. Swendson, 256 Minn. 445, 98 N. W. (2d) 665. We have carefully examined the numerous points raised by the defendant. We conclude that the facts herein recited stand unchallenged on the record and warrant judgment to the effect that the plaintiff is entitled to the possession of the property and that the defendant should be enjoined from occupying it.

It is elementary that to secure a reversal in this court the burden is upon the appellant to show prejudicial error. Gubbins v. Irwin, 210 Minn. 428, 429, 298 N. W. 715, 716. However, in view of the fact that the defendant has undertaken the task of defending in these proceedings and prosecuting the appeal without benefit of counsel, we have carefully examined the record before us with respect to the jurisdictional features of the proceedings and the question of whether or not she had a fair hearing. We come to the conclusion that she had every

opportunity to present whatever claims she may have to the property in question. We are satisfied that the points raised are frivolous and without merit. We are further satisfied that throughout these extended proceedings both counsel for the Dwinnell company and the court acted with fairness and restraint. It appears that the Dwinnell company has paid a substantial amount for storage and transportation charges in connection with the household property removed from the premises. It has also been required to pay substantial sums for taxes, insurance, and electric light bills.

Mrs. Johnson's mistaken claim is based upon her belief that her husband's bankruptcy proceedings wiped out the interest of the Dwinnell company; that the failure of the Dwinnell company to file its claim in bankruptcy court was fatal to its interest. It is elementary that under the circumstances of this case the husband's bankruptcy proceedings could in no way affect the interest of the vendor or its right to institute proceedings to terminate whatever interest the purchasers had under the contract for deed. 3 Collier, Bankruptcy (14 ed.) par. 57.07[3.3]. The vendor was not required to file a claim as a creditor and could rely entirely on its security, which it did.

Nor is there merit to the claim that the court arbitrarily dismissed the counterclaim for alleged damages as set up in her answer. The claim was dismissed without prejudice so that she may have an opportunity to assert it at a later date. She had ample notice that the case was on the calendar for trial, and we find no abuse of the court's discretion in hearing the case as a default matter. Considering the length of time consumed and the expense to which the plaintiff was put in securing possession of the property, we are satisfied that the defendant has received from the court, the plaintiff, and its attorneys considerations far beyond her legal rights.

Affirmed.