Ferris J. ALEXANDER, Respondent,

v.

Larry HOLMBERG, Appellant.

No. CO–87–443.

Court of Appeals of Minnesota.

Aug. 25, 1987.

Gary Y. Pang, Minneapolis, for respondent.

Michael J. McNamara, Minneapolis, for appellant.

Heard, considered and decided by LESLIE, P.J., and SEDGWICK and LANSING, JJ.

## OPINION

SEDGWICK, Judge.

Alexander sought to recover unpaid rent on a three year written lease which required $5,000 monthly payments. Both parties moved for summary judgment. Holmberg appeals from a summary judgment granted to Alexander in the amount of $30,583.46. We reverse and remand for trial.

## FACTS

Larry Holmberg entered into a lease for a Lake Street property with Ferris Alexander. A three year lease was signed in June, 1983. The property was operated as "Angie's Health Club." It was raided by police four times during the term of the lease. Holmberg claims the police and Alexander's reputation served to destroy his business. Alexander alleges Holmberg stopped paying the rent in June, 1985. Holmberg claims that the lease, while stating a rent of $5,000 monthly, was modified by the parties to actually allow him to pay as rent the money left over after expenses and an appropriate profit, with a rent cap of $5,000 a month. Holmberg produced receipts and certified check carbons for monthly amounts of less than $5,000 as evidence of this agreement.

## ISSUE

Was summary judgment justified?

## ANALYSIS

 When reviewing a summary judgment, the appellate court must determine whether genuine issues of material fact exist for trial and whether the trial court erred in its application of the law. *Betlach v. Wayzata Condominium,* 281 N.W.2d 328, 330 (Minn.1979). Doubts and inferences are to be resolved against the moving party. *Hamilton v. Independent School District No. 114,* 355 N.W.2d 182, 184 (Minn.Ct.App.1984).

Holmberg's claim of a side agreement modifying the terms of the lease implicates the parol evidence rule.

The rule has become mere hornbook law that, where parties have reduced their contract to writing, the contract may not be proved by *prior* or *contemporaneous utterances or writings* and that these are entirely immaterial for the purpose of determining what the terms of the contract are. By making the writing the only depository and memorial of the contract, what was said during the negotiations therefor or at the time of its execution must be understood to be superseded by the writing, and so much of what was thus said as is not carried forward into the writing must be deemed to have been waived or abandoned. The rule is not one of evidence, but of substantive law—the writing is the contract not merely the evidence thereof.

*Lehman v. Stout,* 261 Minn. 384, 390, 112 N.W.2d 640, 644 (1961) (emphasis added) (quoting *Karger v. Wangerin,* 230 Minn. 110, 114, 40 N.W.2d 846, 849 (1950)).

 However, "a written contract may be modified after its execution by the acts and conduct of the parties * * *." *Wormsbecker v. Donovan Construction Co.,* 247 Minn. 32, 41, 76 N.W.2d 643, 649 (1956). Parol evidence may be admitted to explain the parties' conduct subsequent to the written agreement. *H.J. Kramer Plumbing & Heating, Inc. v. Scharmer,* 386 N.W.2d 742, 746–47 (Minn.Ct.App.1986). Holmberg testified in deposition that Alexander agreed to accept payments for lesser amounts, and did so for much of the lease. Holmberg has produced evidence which shows monthly payments for less than $5,000. Holmberg's deposition and receipts create a genuine issue of material fact of whether the lease was modified by agreement of the parties. The statute of frauds, Minn.Stat. § 513.05 (1984), requires that any modification of a real estate sale contract, or a lease of more than one year's duration, be in writing. However, the rule holds true only if

the modified contract had remained executory. * * * the parties to a contract, void under the statute of frauds, may perform it if they choose; and if they see fit to carry it out, it becomes an executed contract to which the statute of frauds has no application * * *.

*Durdahl v. Tostenson,* 150 Minn. 415, 417–18, 185 N.W. 494, 494–95 (1921). *See also C.S. Brackett Co. v. Lofgren,* 140 Minn. 52, 56, 167 N.W. 274, 275 (1918) ("There is no trouble over the modification by parol of this written contract [a lease], within the statute of frauds. After the modified contract has been executed, this objection cannot be made.").

It remains for the trier of fact to determine if and when the lease was modified, what were the terms, and appropriate damages.

## DECISION

The trial court erred in granting summary judgment because an issue of material fact exists as to whether the parties' modification of the lease, and subsequent performance based on the new agreement, removed the lease from the statute of frauds.

Reversed and remanded for trial.