**In re the Marriage of Constance Lee NOLDEN, Petitioner, Appellant,**

v.

**Curtis Lee NOLDEN, Respondent.**

**No. C8–89–842.**

Court of Appeals of Minnesota.

Dec. 12, 1989.

Michael J. Froelich, Minneapolis, for appellant.

Thomas A. Lennon, Edina, for respondent.

Heard, considered and decided by WOZNIAK, C.J., and PARKER and CRIPPEN, JJ.

## OPINION

CRIPPEN, Judge.

Appellant challenges the trial court's determination of her nonmarital interest in proceeds of a home sale; we reverse and remand on this issue. Respondent challenges the finding that the downpayment on the home was nonmarital property; we affirm on this issue.

## FACTS

The 1980 marriage of the parties was dissolved in February 1989. During the summer of 1983, appellant's parents delivered a $10,000 check payable to appellant, representing proceeds of a family relative's estate. Appellant testified that her parents gave the money to her "only" and that they used the word "only" when making the gift. The parties put the money in a joint account and used it as a downpayment on a contract to purchase their home. Appellant conceded that her parents suggested this use of the money. Appellant also testified her parents knew at least one bank had refused to give the parties a home loan. Appellant's mother testified that she knew that the parties would buy a home before she gave them the money, but that the money was not a loan and that she had no intent that respondent share in the gift.

The trial court found that the $10,000 was given "to petitioner" and concluded that appellant was entitled to a portion of the proceeds of the sale of the home representing "her nonmarital property." The court determined that she was entitled to a $^{10}\!/_{45}$ths interest ($10,000 towards a purchase price of $45,000) but provided that this percentage would be calculated after payment of the amount due on the contract for deed, payment of $1100 to respondent for improvements (evidently nonmarital improvements), and payment of $6100 to appellant's parents to repay a personal loan.

## ISSUES

1. Is there sufficient evidence to support the trial court's finding that appellant received a $10,000 nonmarital gift?

2. Did the trial court err in computing the nonmarital share of an asset by proportionally dividing the net equity value?

## ANALYSIS

1. Nonmarital investment.

■ All property acquired by either spouse after marriage and before court valuation is presumed to be marital. Minn. Stat. § 518.54, subd. 5 (1988). The presumption is overcome by showing, inter alia, that the acquisition is a gift "by a third party to one but not to the other spouse." *Id.* Here the trial court found that the $10,000 was given to appellant

such that it constituted nonmarital property. Because appellant's testimony, if believed by the trial court, demonstrates that the gift was given expressly to her "only," we cannot hold that the finding of nonmarital property is clearly erroneous. *See* Minn.R.Civ.P. 52.01.

2. Present nonmarital interest.

■ Appellant used her nonmarital gift to invest in real estate for the benefit of both parties. A nonmarital investment used in the purchase of real estate entitles the person, upon dissolution, to

the proportion the * * * contribution at the time of acquisition bore to the value of the property at the time of the purchase multiplied by the value of the property at the time of separation.

*Brown v. Brown,* 316 N.W.2d 552, 553 (Minn.1982) *quoted in Nardini v. Nardini,* 414 N.W.2d 184, 191 (Minn.1987). The nonmarital share must be calculated on the basis of the value of the property at the time of dissolution, not on amount of net ownership equity in the property. *Stroh v. Stroh,* 383 N.W.2d 402, 406 (Minn.Ct.App. 1986). Here, the trial court made its calculation based on net equity, subtracting from value the amount due on a contract before apportioning appellant's nonmarital interest. We must remand for the trial court's recalculation of the amount of the nonmarital interest.[1]

Although the trial court's action appears to be founded on a calculation error, appellant characterizes the judgment as an improper invasion of her nonmarital interest without a necessary finding that respondent would suffer unfair hardship if he were not awarded a portion of her nonmarital property. Minn.Stat. § 518.58, subd. 2 (1988). The trial court made no hardship finding. Respondent suggests that we can affirm the trial court's distribution because there is enough evidence in the record to find unfair hardship.

Respondent bases his argument on *Faus v. Faus,* 319 N.W.2d 408 (Minn.1982). His reliance is misplaced. In *Faus,* the trial court did not make specific findings based on the relevant factors set out in Minn. Stat. § 518.58, subd. 2, yet the trial court did make a finding of unfair hardship. *Faus,* 319 N.W.2d at 412–13. We cannot affirm where there is no evidence the trial court premised its order on a theory of unfair hardship. Furthermore, *Faus* was decided before *Moylan v. Moylan,* 384 N.W.2d 859 (Minn.1986). In *Moylan,* the supreme court, in reviewing a child support modification, required express trial court findings on statutory factors, even if those factors were adequately shown in the record. *Moylan,* 384 N.W.2d at 863–65. On remand, the trial court will have occasion to determine whether there must be a division of nonmarital property to avoid unfair hardship.

3. Amount of debt.

■ Respondent further challenges a portion of the trial court's finding that appellant's parents are owed $6100 by the parties. There is no clear error in light of testimony of appellant's mother that all the money was a loan to the parties.

4. Reimbursement claim.

■ Respondent also claims he is entitled to $7500 spent on contract for deed payments, insurance, and telephone. Indeed, the trial court found that these expenditures were made but did not provide for reimbursement. Respondent is not entitled to any reimbursement for payments made out of marital income. The record shows, however, that these expenditures include at least $2400 that came from a personal loan for which respondent remains solely responsible. The distribution of this debt was not included in the court's division of marital property. On remand, the

---

1. The nonmarital investment was $10,000, the purchase price was $45,000 and the property has a $60,000 fair market value. We do not have evidence before us as to the net value after anticipated sale costs. In addition, under *Nardini,* 414 N.W.2d at 193, the purchase price of the property used as the denominator in calculating appellant's share of the value must be increased by any additions to value not attributable to general market appreciation. Because of the trial court's finding of an $1100 improvement, this sum must be added to the denominator.

court should determine whether adjustment of the property division is needed in light of evidence that respondent remains obligated to pay the debt. *See, e.g., Swendson v. Swendson,* 256 Minn. 445, 98 N.W.2d 665 (1959).

## DECISION

There is adequate evidence to sustain the trial court's finding on a nonmarital gift. The resulting present interest of respondent in a home was erroneously calculated.

Affirmed in part, reversed in part and remanded.